(February 26, 1913.)

## E. C. JONES and ELIZABETH JONES, Husband and Wife, Respondents, v. CITY OF CALDWELL, a Municipal Corporation, Appellant.

[130 Pac. 995.]

PERSONAL INJURY—PRIMARY CAUSE—DISEASED CONDITION—PRIVILEGED INFORMATION—TESTIMONY ATTENDING PHYSICIAN.

1.   Evidence examined, and *held* sufficient to go to the jury as tending to establish the fact that the plaintiff sustained injuries from falling on a defective sidewalk and that the fall was the primary cause of the injuries sustained.

2.   Where a woman walking upon the sidewalk of a city fell through a hole in the walk, and it was thereafter found necessary for her to undergo a surgical operation, and there was doubt and conflict in the evidence as to whether the operation was caused primarily by the fall or by a previously existing diseased and affected condition of the parts operated upon, and expert testimony introduced was indefinite and uncertain as to the primary cause which rendered the operation necessary, the fact that the operation was considered necessary by the attending physicians soon after the accident occurred and that the operation was actually performed are circumstances which the jury had a right to consider in concluding that the fall was the primary cause of the operation and of the consequent damages sustained.

3.   Where the attending physician deems a surgical operation necessary upon his patient and another physician or surgeon is called to assist in the performance of the operation and actually performs the operation or assists therein, and subsequently upon a trial which brings in issue the facts and circumstances which led up to and rendered necessary the operation, any information acquired by the attending physicians at the operation or subsequently acquired by examination of the parts removed by the operation, is privileged information under the provisions of sec. 5958 of the Rev. Codes, and cannot be given in evidence without the consent of the patient.

4.   The facts that certain information was gathered from examination and inspection of the injured or diseased parts removed by the operation a considerable time after the operation had been

performed, and the physician had acted and prescribed for the patient, does not change the privileged character of the information and permit the physician to testify concerning the same.

APPEAL from the District Court of the Seventh Judicial District for Canyon County. Hon. Ed. L. Bryan, Judge.

Action for damages. Judgment for plaintiff. Defendant appealed. *Affirmed.*

H. E. Wallace and J. J. Plowhead, for Appellant, cite no authorities.

W. A. Stone and John F. MacLane, for Respondents.

This court has laid down the rule in *Gerber v. Nampa & Meridian Irr. Dist.,* 19 Ida. 765, 116 Pac. 104, that "A decision of the supreme court on appeal established the law of the case for the guidance of the trial court and for the purposes of a subsequent appeal"; and where the case came to it on a second appeal, that "the only question which arises now is whether or not the trial court followed the law announced in the prior decision of this court as applied to the evidence adduced on such new trial."

AILSHIE, C. J.—This action was commenced for the recovery of damages from the city of Caldwell for injuries sustained by falling through a defective sidewalk. The case went to trial and a verdict was returned in favor of the plaintiff for $850, and she appealed to this court, alleging errors committed against her in the course of the trial. The judgment was reversed and the cause was sent back for a new trial. (*Jones v. City of Caldwell,* 20 Ida. 5, 116 Pac. 110.) The case was again tried in the district court, and a verdict and judgment were rendered and entered in favor of the plaintiff for $2,500, and the defendant thereupon appealed.

The appellant has assigned three errors, which we will consider in the order in which they were presented.

1. It is urged that the evidence is insufficient to justify the verdict and judgment. The real cause of appellant's com-

plaint as to the sufficiency of the evidence rests upon the nature of the injury or the cause from which the injury arose. The respondent contended on the trial in the lower court that the fall through the sidewalk rendered it necessary that she undergo a surgical operation, and that this would not have been necessary except for the fall through the sidewalk. The appellant insists that the evidence shows that this operation was rendered necessary by an infectious disease that the respondent had prior to the accident, and that the operation resulted therefrom and was not caused by the fall. It stands as an established fact that the operation was performed. The evidence shows that the respondent had been able to perform her duties as a nurse for a long time prior to this accident. It also shows that she was in ill health for a long while after the fall and operation. The operation which resulted in the removal of the Fallopian tubes was rendered necessary by reason of an infection which set in and the attendant pain and suffering. The evidence of the physician is by no means clear as to whether the primary cause for this was the fall or a previously existing diseased condition. As we view the evidence with reference to the previous condition of health of the respondent and her subsequent condition and the facts touching her medical examination and the surgical operation following, we think there was sufficient evidence to justify the jury in reaching the conclusion they arrived at, and we are not inclined to disturb the verdict on account of insufficiency of the evidence.

2. It is contended that the court erred in sustaining the respondent's objection to the following question asked of Dr. Miller: "Did you find the tissues broken down?" which question had reference to the condition of the Fallopian tube. It would have been entirely proper to allow this question answered, but we fail to find any prejudicial error in the ruling of the court. The record shows that the witness gave quite a full and detailed account of his examination and the conditions as he found them.

3. Special stress is placed upon the ruling of the court in sustaining respondent's objection to a question asked of wit-

ness Dr. Stewart, who assisted in the surgical operation. It seems that Dr. Miller was the respondent's attending physician, and that he brought respondent to a hospital in Boise for the purpose of this operation. When he reached Boise, Dr. Stewart was called in to perform the operation or assist in its performance. It seems that some time after the removal of the affected and injured parts Dr. Stewart made an examination of the parts removed, and the appellant sought to have the doctor testify as to the condition in which he found it, and give his opinion as to the real cause which led to the operation and which had caused the pain and suffering that rendered it necessary to have the operation performed. The court sustained an objection to the question and ruled out such evidence, on the ground that under the provisions of sec. 5958 of the Rev. Codes a physician may not testify without the consent of his patient concerning any matter which would disclose "information acquired in attending the patient which was necessary to enable him to prescribe or act for the patient." (*Jones v. City of Caldwell*, 20 Ida. 5, 116 Pac. 110.) Appellant contends that this evidence was admissible, for the reason that the information was not acquired by the surgeon at the time of his employment and was not "necessary to enable him to prescribe or act for the patient." Appellant contends that the operation had been performed, the tube had been removed, and that it was no longer necessary to make an examination of the removed portion, and that the information acquired from the examination was not necessary to enable him to prescribe or act for the patient. Literally and technically speaking, this may be true, but such a construction of the statute would rob it of its true spirit and the purpose and intent thereof. Had the physician not been called upon to perform this service in his professional character, he would never have been able to acquire the information about which appellant sought to have him testify. He acquired it *as a physician and surgeon and in no other capacity,* and he acquired it as physician and surgeon for this respondent and by reason of his employment in his professional capacity to serve the respondent.

Doctor Stewart realized the difficulty and danger of attempting to segregate knowledge and information acquired in this way. He was asked the question: "Did you acquire any information concerning the cause which necessitated this operation after the operation itself was completed and which information was not necessary and did not enable you to prescribe or act for this patient?" To this question the doctor gave the following answer: "I will have to answer that 'No.' It is practically impossible for me to separate the true condition, that is, as to what would be necessary and what would not." Again, the witness was asked: "Did you at any time acquire any information concerning the cause which necessitated the operation and which information was not necessary to enable you to prescribe or act for this patient?" And again he said: "I answered that question 'No' before, and if you will pardon the explanation to the question; as I understand it now on the basis that all information that is secured at the time of treatment of the patient from the time you are engaged for the treatment of a patient until the patient is discharged from your care; all information that is secured in that time is necessary for the treatment because you can seldom have enough information, and that is the basis I am answering that upon; because all information that is obtained during that time is essential to the treatment of the patient."

We are satisfied that the ruling of the court was correct, and that the witness should not have been allowed to disclose the information he acquired by reason of having performed this surgical operation. Such testimony is excluded by the provisions of the statute, sec. 5958, Rev. Codes.

The judgment should be affirmed. and it is so ordered, with costs in favor of the respondent.

Stewart, J., concurs.

SULLIVAN, J., Concurring in the Conclusion Reached.— I concur in the conclusion reached but dissent on the point that the information acquired by Dr. Stewart some time after the operation was performed on the plaintiff was privileged

under the provisions of subd. 4 of sec. 5958, Rev. Codes. That subdivision is as follows: "A physician or surgeon cannot, without the consent of his patient, be examined in a civil action as to any information acquired in attending the patient, which was necessary to enable him to prescribe or act for the patient."

The information which the doctor had and was sought to be elicited from him on his examination was not the information acquired in attending the patient which was necessary "to enable him to prescribe or act for the patient." The information sought from the witness was information that he had obtained some time after he had prescribed for the patient and performed the operation. He had already discharged his patient when he acquired the information which was sought on the trial. He did not have the information referred to until some time after he had performed the operation on the patient. If that information had been acquired in attending the patient and was necessary to enable the doctor to prescribe or act for the patient, then it would come within the provisions of said section, but he did not have the information referred to until some time after he had acted, and it was not information that was necessary to enable him to operate on his patient, as he had operated long before he got this information.

Under the provisions of that section, what information is privileged? "Information acquired in attending the patient," which information "was necessary to enable him to prescribe or act for the patient." The privileged information, then, is the information which was necessary to enable him to prescribe or act for the patient. As he had operated on the patient before he obtained the information referred to, it seems to me that it does not come within the letter nor within the meaning and spirit of that statute. The testimony of the doctor in the case at bar was not the same as the testimony referred to in the former decision of this case (20 Ida. 5, 116 Pac. 110), and I do not think any construction should be placed upon said statute that would make any information privileged that does not come clearly within its terms.

4 Wigmore on Evidence, secs. 2380 to 2390, inclusive, reviews the history and policy of the statute in regard to privileged and confidential communications and relations, and says: "In actions for personal injury, the permission to claim the privilege is a burlesque upon logic and justice." Believing that statement to be absolutely true, I do not believe that the court should extend that privilege to information that does not come clearly within its provisions. However, since the evidence shows that the fall on the sidewalk was the proximate cause of the injury, I do not think it was reversible error to reject the offered testimony on the trial. I simply desire here to express my views of the proper construction of said provisions of the statute.