## FEDERAL MINING & SMELTING CO. v. DALO.

(Circuit Court of Appeals, Ninth Circuit. August 5, 1918.)

No. 3127.

1. MASTER AND SERVANT ⬅97(2)—INJURY TO SERVANT—ADOPTING PRECAUTIONARY MEASURES—DUTY OF MASTER.

That occasionally, when ore was drawn from a chute, the ore above the top of the chute would not fall, was sufficient to charge the master with the duty of anticipating the danger, and of adopting reasonable precautionary methods to prevent repetition.

2. MASTER AND SERVANT ⬅107(5)—INJURY TO SERVANT—SAFE PLACE TO WORK.

The dangerous condition of plaintiff's working place, due to chute in floor of mine becoming clogged with ore, was not a condition produced by workmen themselves in the progress of the work, and for which the master was not responsible.

3. MASTER AND SERVANT ⬅97(2)—INJURY TO SERVANT—DEFECTIVE APPLIANCES.

Danger due to ore becoming clogged in chute in floor of mine could be anticipated, and master was bound to guard against the same, since it resulted from method of master's work.

4. MASTER AND SERVANT ⬅293(14)—SAFE PLACE TO WORK—INSTRUCTIONS.

In action by plaintiff servant for injuries due to falling into ore chute in floor of mine, court's instructions as to reasonably safe place, inspection, and repair *held* to sufficiently cover essential features of the case.

5. WITNESSES ⬅219(5)—PRIVILEGED COMMUNICATIONS—WAIVER.

Plaintiff servant, by testifying that one of results of accident was hernia, did not waive privilege given by Rev. Codes Idaho, § 5958, where he did not testify that a physician had attended him, and it was not error to exclude testimony of physician to effect that he had treated plaintiff for hernia before accident.

In Error to the District Court of the United States for the Northern Division of the District of Idaho; Frank S. Dietrich, Judge.

Action by Angelo Dalo against the Federal Mining & Smelting Company, a corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

Featherstone & Fox, of Wallace, Idaho, for plaintiff in error.

Plummer & Lavin, of Spokane, Wash., Therrett Towles, of Wallace, Idaho, and Fred Miller, of Spokane, Wash., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The defendant in error recovered a judgment in the court below for damages for personal injuries sustained while working as a mucker in a mine of the plaintiff in error. While walking along the sixth floor of the underground tunnels of the mine,

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the defendant in error fell into a chute, whereby he was seriously injured. The floor of the tunnel was filled with a large pile of ore, completely covering the opening of the chute, so that it was impossible to observe its position. The defendant in error, together with other workmen in the mine, had for 12 days prior to the accident passed over this ore, and had made thereon a beaten pathway. During that time the chute, extending two floors below, was full of ore. There were other employés whose duty it was to draw the ore from the chutes from below, and to carry the same from the mine. The defendant in error had nothing to do with this operation. Occasionally, when the ore was drawn from a chute, the ore above the top of the chute would not fall. The plaintiff in error employed a chute tender for the purpose of loosening the ore which was arrested in or above the chute. Three hours before the time of the accident the ore had been drawn from the chute into which the defendant in error fell, but the ore over the top of the chute on the sixth floor did not fall, and the defendant in error was not aware of that fact, nor was he warned of the dangerous condition of the floor.

[1] At the close of the testimony the plaintiff in error moved for an instructed verdict, and it is now contended that the motion should have been sustained, on the ground that the evidence failed to show negligence on the part of the plaintiff in error. It is said that it was not chargeable with negligence in failing to discover and remedy the dangerous condition of the chute sooner than it did, for the reason that the hanging of the ore above the chute was of infrequent occurrence, and that there was no negligence in failing to anticipate it. The argument is not convincing. The fact, which is admitted, that the same situation had occurred before, was sufficient to charge the master with the duty of adopting reasonable precautionary methods to prevent its repetition. The answer to the complaint states that ore chutes frequently hung up and had to be loosened, and that, if not loosened, the ore might suddenly drop and carry the person who might be standing thereon.

[2] Nor do we find merit in the contention that the plaintiff in error should not be held for negligence for the unsafe condition of the working place, for the reason that it resulted from changing conditions attending the progress of the work. This contention, and the authorities which are cited to sustain it, are not applicable to the situation here presented. The dangerous condition of the working place where the accident occurred was not one of those which are produced by the workmen themselves in the progress of work, and for which the master is not responsible. It was a dangerous condition which arose from the method in which the work was done. It was a danger which could readily have been averted. The measures which the plaintiff in error had taken to avert it were not adequate. There was evidence tending to show that no provision was made for inspection of chutes after the ore had been drawn therefrom, to determine whether ore had hung at the floors. The chute tender had drawn the ore from the chute into which the defendant in error fell three hours before the accident. He did not know, nor did he or any one take steps to

acertain, whether any of the ore hung upon the sixth floor. No contention is made that the plaintiff in error is excused by reason of the fact that the chute tender was the fellow servant of the injured employé.

It is assigned as error that the court below refused to instruct the jury that:

"The plaintiff in this case does not claim that the defendant mining company was negligent in not warning the plaintiff of the possibility of chutes hanging up above the floor, and you are instructed that failure to so warn or instruct is not negligence which caused or contributed to the accident; therefore the plaintiff cannot claim a recovery against the defendant in this case because of such failure."

These instructions were refused, as the court said, for the reason that "in the main they are covered by the general instruction." But aside from this a sufficient answer to the assignment is found in the fact that the requested instructions contained an incorrect statement of the facts, for the complaint distinctly alleged that:

The defendant "negligently and carelessly failed to take any precautions, give any warning or notice, or to do or perform any act, either to inform plaintiff of said conditions or to remove the danger threatened therefrom."

[3, 4] It is contended that it was error to refuse to instruct the jury that, before they could find the defendant guilty of negligence in failing to discover and remove the danger which resulted in the accident, they must find that, in view of all the circumstances, sufficient time had elapsed before the accident to enable the defendant, in the exercise of ordinary care, to have discovered and removed the danger. Cases are cited which hold that where the employés' working place becomes casually and unexpectedly dangerous, as where a hole is left alongside the track of a railway company, or in the floor of a building, or where there is negligent construction of appliances used by workmen, the jury should be instructed that the master is not liable for injuries to workmen occurring before he has knowledge of the existence of the danger, or reasonable opportunity to obtain such knowledge. The principle involved in these cases has no application here. Here the danger was not one which was not to be anticipated by the master. It was a danger which resulted from the very method of the employer's work, and one which it had reason to expect, and which it therefore was bound to guard against. We think the instruction which the court gave, and to which no exception was taken, sufficiently covered all the essential features of the case. The court said that the obligation rested upon the plaintiff in error to see that the place was reasonably safe in the first place, and then, "by the exercise of reasonable care in the way of inspection and repair, to see that the place is kept and maintained in a reasonably safe condition."

[5] A physician was called by the plaintiff in error to testify that he treated the defendant in error for hernia, while attending him professionally, at a time prior to the accident. An objection to the testimony was sustained, on the ground that the information sought was privileged, under the Idaho statute (section 5958, Revised Codes),

which, after expressly affirming "the policy of the law to encourage confidence and to preserve it inviolate" in certain actions, provides:

"A physician or surgeon cannot, without the consent of his patient, be examined in civil actions as to any information acquired in attending the patient which was necessary to enable him to prescribe or act for his patient."

It is not claimed that the defendant in error testified that the physician had attended him, or had given him any information. He confined his testimony to the physical injuries which he suffered as the result of the accident, one of which, he said, was hernia. The plaintiff in error now contends that by so testifying as to his injuries he waived the privilege of the statute, and cites cases which sustain its contention, and it especially relies upon 4 Wigmore on Evidence, § 2389, where it is said:

"The bringing of an action in which an essential part of the issue is the existence of physical ailment should be a waiver of the privilege for all communications concerning that ailment."

The views of the learned text-writer on evidence are always entitled to respectful consideration, and much may be said in favor of the equity of the view which he takes. He admits that it is against the weight of authority. We are not convinced that we ought to follow it in this case, especially in view of our ruling in Arizona & N. M. Ry. Co. v. Clark, 207 Fed. 817, 823, 125 C. C. A. 305, and the decisions of the Supreme Court of Idaho construing the statute of that state. Jones v. City of Caldwell, 20 Idaho, 5, 116 Pac. 110, 48 L. R. A. (N. S.) 119; Jones v. City of Caldwell, 23 Idaho, 467, 130 Pac. 995; Brayman v. Russell & Pugh Lumber Co. (Idaho) 169 Pac. 932. In the first of those cases the Supreme Court of Idaho denied that it had "the power or the authority to repeal said statute by judicial decision," and said:

"It is also very clear that our statute forbids and prohibits the examination of a physician without the consent of the patient, and this privilege extends to the individual witness, and not to the consultation or transaction in which he was a physician."

We find no error. The judgment is affirmed.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes