(October 29, 1921.)

GLENN F. FRITCHER, Administrator of the Estate of JOHN ALLEN, Deceased, Respondent, v. JOHN H. KELLEY and LAURA B. KELLEY, Appellants.

[201 Pac. 1037.]

MOTION TO ELECT — EQUITABLE ACTION — JURY IN ADVISORY CAPA-CITY—HARMLESS ERROR—EVIDENCE—SUBSEQUENT STATEMENTS OF GRANTOR — MENTAL CONDITION — OPINION TESTIMONY — LAY WIT-NESSES—FOUNDATION—ADMISSION OF DOCUMENTARY EVIDENCE FOR LIMITED PURPOSE — PRIVILEGED INFORMATION — PHYSICIAN AND PATIENT—REVIEW OF INSTRUCTIONS—SUFFICIENCY OF EVIDENCE.

1. Where a complaint contains a valid statement of but one cause of action, an order denying a motion to elect is not error.

2. On the trial of an equitable action to set aside a conveyance on the ground of mental incompetency, a jury having been called to act in an advisory capacity, the fact that the court permitted an improper tender to be made is not reversible error where it appears that the judgment of the court on the material issues could not have been influenced thereby.

3. In such action statements of the grantor, made shortly after the execution of the deed, to the effect that he had not executed it, are admissible as circumstances bearing on the question of his mental competency at the time of the execution.

4. The question as to the qualifications of lay witnesses who testify as to their opinion of the mental competency or incompetency of the grantor is addressed to the sound discretion of the trial court, and its ruling thereon will not be reversed unless it appears that it was an abuse of discretion.

5. In such case, admission of a document, the contents of which are not admissible, is not reversible error, where it clearly appears that the trial court admitted it solely for the purpose of fixing a date, which was relevant in connection with certain oral testimony.

6. Under C. S., sec. 7937, subd. 4, if a physician is called to attend a patient for a certain ailment, and, in examining and observing the patient for the purpose of treating and prescribing for him, necessarily obtains information in regard to his mental condition, such information is privileged.

7. In an equity case, in which the jury acts in a purely advisory capacity, the action of the court in giving or refusing instructions will not be reviewed.

8. If there is a conflict in the evidence and there is evidence in the record which, if uncontradicted, would support the judgment, it must be affirmed on appeal.

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. Wm. A. Babcock, Judge.

Action to set aside conveyance. Judgment for plaintiff. *Affirmed.*

Walters, Hodgin & Bailey, for Appellants.

If error has clearly intervened, the general rule is that the judgment must be reversed and a new trial granted.

Publisher's Note.

4. Admissibility of opinion evidence as to mental capacity to execute contract or deed, see note in 4 Ann. Cas. 888.

6. On the question as to whether disqualification of physician as witness extends to mental condition of patient, see notes in Ann. Cas. 1912B, 1039; Ann. Cas. 1918A, 1050; L. R. A. 1918E, 974.

(1 Haynes on New Trial and Appeal, sec. 108; 20 R. C. L. 227.)

Declarations of a grantor against the title of his grantee, made after he has parted with title, are not admissible. (1 Ency. of Evidence, 526; *Bismarck etc. Mining Co. v. North Sunbeam G. M. Co.*, 14 Ida. 516, 95 Pac. 14, 162 Pac. 998; *Joslyn v. Daly*, 15 Ida. 137, 96 Pac. 568; 1 R. C. L. 501, 475.)

Nonexpert witnesses cannot give opinion evidence as to the insanity of a person unless they first state the facts and circumstances upon which such opinions are based. (*Ryder v. State*, 38 L. R. A. 721, note appended thereto; 7 Ency. of Evidence, 467; *Weber v. Della Mt. Mining Co.*, 14 Ida. 404, 94 Pac. 441.)

Information given to a physician by his patient which is necessary to enable him to prescribe for the patient is privileged, but information obtained by the physician which is not necessary to enable him to prescribe for the patient is not privileged. (4 Jones on Evidence, pp. 545–759; *In re Black*, 132 Cal. 392, 64 Pac. 695, and cases cited; *Booren v. McWilliams*, 26 N. D. 558, 145 N. W. 410, and cases cited; 10 Ency. of Evidence, 128.)

E. M. Wolfe, J. F. Martin, Ostrom & Green, for Respondent.

There were not sufficient facts stated in the respondent's complaint to constitute a cause of action of undue influence. (*Kelly v. Perrault*, 5 Ida. 221, 48 Pac. 45.)

Where one cause of action is stated in a complaint and other facts which are not necessary to constitute that cause of action, but which do not constitute another cause of action, are also stated; the court will disregard the superfluous matter, and proper remedy is a motion to strike. (Secs. 6708, 6728, C. S.; *Steinour v. Oakley State Bank*, 32 Ida. 91, 177 Pac. 843.)

In an equity case, where the jury is only advisory, and where improper evidence is admitted, the higher court will

not reverse the case unless it appears that the trial court misapprehended the rule to the prejudice of the appellants. (*Kelly v. Perrault, supra; California Electric Light Co. v. California Safe Deposit & Trust Co.*, 145 Cal. 124, 78 Pac. 372; *Sipe v. Sipe*, 102 Kan. 742, 173 Pac. 13, L. R. A. 1918E, 1029.)

Where declarations are introduced to show circumstantially the state of mind as to the sanity or insanity of the declarant, such declaration does not violate the hearsay rule. (3 Wigmore on Evidence, sec. 1790.)

Where a nonexpert witness shows that he has had opportunity to observe a person as to his mental competency, he may state his opinion as to the sanity or insanity of the person in question without giving the observed data. (See *Weber v. Della Mountain Mining Co.*, 14 Ida. 404, 94 Pac. 441; *Kelly v. Perrault, supra*; Wigmore on Evidence, secs. 1922, 1932–1935.)

Any evidence which is obtained by a physician while attending a patient in his capacity as a physician or surgeon is privileged, even though this was not absolutely necessary to enable the physician to prescribe for his patient. (*Jones v. City of Caldwell*, 20 Ida. 5, 116 Pac. 110, 48 L. R. A., N. S., 119; 23 Ida. 467, 130 Pac. 995; *Brayman v. Russell & Pugh Lumber Co.*, 31 Ida. 140, 169 Pac. 932.)

If there is enough competent evidence, taken alone, from which the trial court could have found its findings of fact, then the supreme court will not set its decree aside. (*Neil v. Hyde*, 32 Ida. 576, 186 Pac. 710; *Davenport v. Burke*, 30 Ida. 599, 167 Pac. 481.)

McCARTHY, J.—This is an action by respondent, as administrator of the estate of John Allen, deceased, to set aside a deed of 80 acres of agricultural land executed and delivered by said deceased to appellants on July 18, 1915. The complaint alleges that deceased was at the time of said conveyance incapable of comprehending and understanding and in fact did not comprehend or understand its

character, nature or effect, and that he was wholly incapacitated from attending to business matters. This is an allegation that deceased did not have mental capacity to execute the conveyance. The complaint also alleges:

"That the said defendants exercised undue influence over the said John Allen, and persuaded him to make, execute and deliver said deed to them, and induced him to execute said deed which, in the free exercise of his deliberate judgment, he would not have executed. . . . .

"That the said defendants had acted as agents for the said John Allen in many matters; that they had written letters for him; that they had drawn his money at the bank for him; that they had paid his taxes and maintenance for him; that they had cared for him at times during periods of illness or physical disability; that they had taken charge of and looked after many of his business matters, and that a fiduciary and confidential relationship existed between the defendants and the said John Allen. That they had employed counsel to look after and take care of the business of the said John Allen, and had employed counsel on their own behalf to look after and take care of the business of the said John Allen, and had employed counsel to help, aid and assist in procuring and influencing the said John Allen in conveying land to the said defendants."

The court impaneled a jury to act in an advisory capacity. The jury found in answer to interrogatories that appellants were not living in a close confidential relationship with deceased on July 18, 1915; that they paid no consideration for the deed; that deceased did not fully understand and fully appreciate what he was doing when he executed the deed; and that he did not make it of his own free will and volition and did not understand the effect of his act. The court adopted the findings of the jury and made the following additional finding:

"That on the said eighteenth day of July, 1915, and at the time of the signing of said deed the said John Allen was about eighty (80) years of age, very infirm and ill,

weak in body and mind, laboring under delusions and hallucinations all to such an extent and degree that he was wholly incapacitated and entirely without understanding sufficient to conduct the ordinary business transactions of life; and that because of such mental condition he did not understand the purpose or effect of his signing of the said deed.

"That no substantial consideration passed from the defendants to the said John Allen for the execution of said deed.

"That the defendants fraudulently took advantage of the mental weakened condition of the said John Allen and procured the deed from him without any consideration for him therefor.

"That the signing of the said deed by said John Allen was not his free exercise of his deliberate judgment but was the result of his inability to understand the effect of his act."

From a judgment setting aside the conveyance, appellants appeal.

Of the many errors assigned we will discuss those which we think worthy of special notice.

Appellants contend that the complaint states two causes of action, one based on mental incompetency and one on undue influence. They interposed a motion to elect, which was denied, and contend that it should have been sustained on the authority of *Kelly v. Perrault,* 5 Ida. 221, 48 Pac. 45. Assuming, but not deciding, that the rule in *Kelly v. Perrault* should be followed, it does not appear that the complaint states two causes of action. It states a good cause of action on the ground of mental incompetency. The allegations concerning undue influence are mere conclusions. (The facts constituting undue influence, like those constituting fraud, must be pleaded, it not being sufficient to aver undue influence which is a legal conclusion. [*Kelly v. Perrault, supra*].) There being but one good cause of action stated in the complaint, it was not error to deny the motion to elect.

The complaint alleges that the respondent has offered, now offers, and is ready, willing and able to pay appellants any and all sums of money which are due them from the deceased or his estate. Responsive to this allegation the court permitted respondent's attorneys to make a tender to appellants. No money judgment could have been rendered in the action. The allegation in the complaint was surplusage and the court should not have permitted the tender. The cause was tried by the court, however, and the findings of the jury were purely advisory; we do not think the tender could possibly have influenced the judgment of the court as to whether the deceased was competent or incompetent. Therefore we conclude that it was not reversible error.

Appellants complain that the court permitted respondent to prove by several witnesses that, after executing the deed, deceased told them that he had not executed it. The point made is that declarations of a grantor against the title of his grantee, made after parting with title, are not admissible. (*Josslyn v. Daly,* 15 Ida. 137, 96 Pac. 568.) If the statements had been admitted as declarations of the grantor impeaching the title of the grantee, the point would be well taken. They were admitted, however, on an entirely different ground, viz., that they had a bearing on the question of the mental condition of the deceased within a short time after he executed the deed in question, and were therefore probative as to his mental condition at the time he executed it. On this ground they were properly admitted as relevant circumstances.

Appellants complain that the court permitted various nonexpert witnesses to state their opinions as to whether deceased was mentally competent or incompetent, without first requiring them to detail the facts and circumstances upon which their opinions were based. Even in jurisdictions in which the rule contended for by appellants is upheld, the question whether the opinion of a nonexpert witness is based upon sufficient observation is addressed to the sound discretion of the trial court, and its ruling will

not be disturbed unless that discretion has been abused. (See note in 38 L. R. A. 721, 733, C.) Each of the witnesses testified to the facts and circumstances within his observation upon which his opinion was based, and in each case we think that these facts and circumstances were sufficient to justify the court in exercising its discretion, and admitting the opinion testimony. Conceding, though not deciding, that the rule is as contended for by appellants, we find no error.

Appellants complain that the court admitted, over their objection, the finding and order of the probate court of Union county, Or., made in October, 1915, adjudging that the said deceased was an incompetent person at that time. These were first offered by respondent generally for the purpose of showing incompetency, and the court sustained an objection. Later on they were offered for the purpose of fixing a date about which a witness was questioned. We do not commend the practice of admitting an entire document, the contents of which were not admissible, in order to show a date. The correct practice would be merely to refer to it for the purpose of fixing the date. However, as the ultimate decision of the case was for the court, and it is apparent that it admitted the document only for the purpose of fixing the date, we do not find reversible error here.

Appellants complain that the court refused to permit Dr. Weatherbee to give testimony as to his opinion of the mental condition of the deceased shortly before the execution of the deed. After an objection had been sustained, appellants offered to prove that the doctor was called to treat the deceased for a cold, that the information which he acquired concerning the deceased's mental condition was based upon his observation, and was not necessary to enable him to prescribe for the patient. The court sustained an objection on the ground that the information was based on confidential relations and communications. C. S., sec. 7937, subd. 4, reads as follows: "A physician or sur-

geon cannot, without the consent of his patient, be examined in a civil action as to any information acquired in attending the patient which was necessary to enable him to prescribe or act for the patient.''

In most of the cases cited by appellants, the information was based upon voluntary statements of the patient which had no possible connection with the professional relation existing between the physician and patient. It is well settled that information based upon observation comes within the statute as well as information based upon statements made by the patient. (4 Wigmore on Evidence, sec. 2384.) It has been held that where a physician treated a patient for a stroke of apoplexy he cannot testify to the mental capacity of the patient. (*In re Nelson's Estate,* 132 Cal. 182, 64 Pac. 294.) Past decisions of this court show an inclination to liberally interpret the words ''information acquired in attending the patient which was necessary to enable him to prescribe or act for the patient.'' In *Jones v. Caldwell,* 23 Ida. 467, 130 Pac. 995, a ruling of the trial court was upheld sustaining an objection to a question asked a surgeon as to the condition of a certain part of the human body which had been removed, he having assisted in the operation but having made his examination of the part in question some time after it was removed. Strictly speaking, the doctor's information based on the observation of this part of the body was not necessary to enable him to prescribe or act for the patient. Admitting this to be true, the court said: ''Literally and technically speaking, this may be true, but such a construction of the statute would rob it of its true spirit and the purpose and intent thereof. Had the physician not been called upon to perform this service in his professional character, he would never have been able to acquire the information about which appellant sought to have him testify. He acquired it *as a physician and surgeon and in no other capacity,* and he acquired it as physician and surgeon for this respondent and by reason of his employment in his professional capacity to serve the respondent.''

Again, in *Brayman v. Russell & Pugh Lumber Co.*, 31 Ida. 140, 169 Pac. 932, the court held: "Under the statute forbidding a physician to be examined as to any information acquired in attending his patient, the acquisition of which is necessary in order to enable the former to prescribe or act for the latter, all statements made to a physician by his patient while the former is attending the latter in that capacity, for the purpose of determining his condition, are privileged, although they have nothing to do with the patient's treatment, or the determination of his injuries."

Upon the authority of these decisions we conclude that the opinion of the doctor as to the mental capacity of the deceased, based upon his observation of him at a time when he was treating him, was properly rejected by the trial court.

Appellants assign certain instructions of the court as error. In an equity case, in which the jury acts in a purely advisory capacity, the action of the court in giving or refusing instructions will not be reviewed. (*Kelly v, Perrault, supra; Daly v. Josslyn*, 7 Ida. 657, 65 Pac. 442; *Gordon v. Lemp*, 7 Ida. 677, 65 Pac. 444; *Hayes v. Flesher, ante*, p. 13, 198 Pac. 678.)

Finally, appellants assign as error that the evidence is insufficient to sustain the finding that deceased was incompetent at the time he executed the deed and the judgment of the court based thereon. It is well settled that if there is a conflict in the evidence and there is evidence in the record which, if uncontradicted, would support the judgment, this court must affirm it. (*Neil v. Hyde*, 32 Ida. 576, 186 Pac. 710.) There is a substantial conflict in the evidence as to the mental condition of the deceased. The notary who took his acknowledgment to the deed testified that, in his opinion, the deceased was competent. In *Kelly v. Perrault, supra*, this court held that the testimony of a notary who takes an acknowledgment to a deed is entitled to great weight. (See, also, *Curtis v. Kirkpatrick*, 9 Ida. 629, 75 Pac. 760; *Turner v. Gumbert*, 19 Ida. 339, at 349, 114

Pac. 33.)   The notary also testified to the facts and circumstances upon which he based his opinion that the deceased was competent.   We are not prepared to say that these facts and circumstances so clearly support the inference that the deceased was competent as to necessarily negative the contrary inference.   At best they are equivocal.   The testimony of the notary as to the facts and circumstances at the time of the execution of the deed, and the evidence showing his condition, shortly prior and subsequent thereto, are, in our judgment, sufficient to sustain the findings and judgment, in spite of the opinion testimony of the notary that the deceased was competent.   If the language used at p. 240 of *Kelly v. Perrault, supra,* is to be understood to mean that, if the only testimony available as to the condition of the grantor, at the exact moment of the execution of the conveyance, is that of the notary, and he gives it as his opinion that the grantor was competent, he must be so adjudged in absolute disregard of evidence as to his condition shortly prior and subsequent to the conveyance, we do not approve such a rule.   Conceding that the testimony of the notary is entitled to great weight, we do not think it can be said as a matter of law that it must prevail in all cases.   Each case must be decided on its own facts.

As to other assignments of error not specifically mentioned, we do not find them to be well taken.   The judgment is affirmed.   Costs to respondent.

Rice, C. J., and Budge, Dunn and Lee, JJ., concur.