PEARL HETHIER, Respondent, *v.* FRANKLIN JOHNS, Appellant.

**Negligence — evidence — where protection of statute prohibiting physician from disclosing information obtained in examining or treating patient waived.**

Where the plaintiff, in an action brought to recover damages for personal injuries caused by the negligence of the defendant, becomes a witness for herself and describes these injuries and their results and states in part what occurred when she consulted or was treated

by a physician, the plaintiff waives the protection of the statute (Code Civ. Pro. § 834; Civ. Pr. Act, § 352) and the physician may be called by the defendant and examined as to any information acquired by him in the course of such consultation or treatment. (*Capron* v. *Douglass*, 193 N. Y. 11, followed.)

*Hethier* v. *Johns*, 198 App. Div. 127, reversed.

(Argued May 3, 1922; decided May 12, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 5, 1921, affirmining a judgment in favor of plaintiff entered upon a verdict.

*Frederick T. Pierson* for appellant. Plaintiff opened wide the door for the testimony of Dr. Whitney by giving her own testimony as to the examinations which he made and as to his treatment of her case. (*Capron* v. *Douglass*, 193 N. Y. 11; *Dewey* v. *Cohoes & Lansingburgh Bridge Co.*, 170 App. Div. 117; *Morris* v. *N. Y., O. & W. R. R. Co.*, 148 N. Y. 88.)

*William MacFarlane* for respondent. The exclusion of Dr. Whitney's testimony was not error. (*Hope* v. *Troy & Lansingburgh R. R. Co.*, 40 Hun, 438; 110 N. Y. 643; *Record* v. *Village of Saratoga Springs*, 46 Hun, 448; 120 N. Y. 646; *Barker* v. *Cunard Steamship Co.*, 91 Hun, 495; 157 N. Y. 693; *Jones* v. *B. B. & W. E. R. Co.*, 3 N. Y. Supp. 253; 121 N. Y. 683; *Hennessey* v. *Kelly*, 55 App. Div. 449; *Milligan* v. *Clayville Knitting Co.*, 137 App. Div. 383, 387; *Duggan* v. *Phelps*, 82 App. Div. 509; *Nelson* v. *Oneida*, 156 N. Y. 219; *McKenny* v. *American Locomotive Co.*, 164 App. Div. 625; *Dewey* v. *Cohoes & Lansingburgh Bridge Co.*, 170 App. Div. 117.) There was no waiver on the trial which made Dr. Whitney's testimony available to the defendant. (*Fox* v. *Union Turnpike Co.*, 59 App. Div. 363.)

ANDREWS, J. Where the plaintiff in an action brought to recover damages for personal injuries caused by the

negligence of the defendant describes these injuries and their results and it appears that he has consulted or been treated by a physician in regard to them he waives the protection of section 834 of the Code (now section 352, Civil Practice Act). The physician may then be called by the defendant and examined as to any information acquired by him in the course of such consultation or treatment. The rule as it was formerly understood was altered by our decision in *Capron* v. *Douglass* (193 N. Y. 11). We there took the position that where the patient tenders to the jury the issue as to his physical condition it must in fairness and justice be held that he has himself waived the obligation of secrecy which would otherwise exist.

The ruling of the trial judge in the case before us, therefore, was erroneous and it was material. The plaintiff gave evidence as to her physical condition after an accident which she claims was caused by the negligence of the defendant. She stated that because of that condition she consulted Dr. Whitney, and described in part at least what occurred at that consultation. Dr. Whitney was called by the defendant who sought to examine him upon the same subject. His evidence was excluded and an exception was taken.

The judgments appealed from should be reversed and a new trial ordered, with costs to abide the event.

Hiscock, Ch. J., Hogan, Cardozo, Pound and McLaughlin, JJ., concur; Crane, J., concurs in result.

Judgments reversed, etc.