HOWARD A. GREEN, as Administrator, etc., of WILLAMENIA K. GREEN, Deceased, Plaintiff, *v.* M. NIRENBERG SONS, INC., Defendant.

Supreme Court, Rensselaer County, March 19, 1938.

*John F. & Wm. H. Murray,* for the plaintiff.

*Ainsworth & Sullivan* [*Warner M. Bouck* of counsel], for the defendant.

SCHENCK, J. Defendant moves for a discovery and inspection, or examination before trial, of the records of the Leonard Hospital

as they relate to the plaintiff's intestate herein during the period of her confinement there.

This action was originally commenced by plaintiff's intestate to recover for personal injuries alleged due to defendant's negligence. The plaintiff in that action died and the present action for wrongful death is brought by her administrator. Defendant now contends that an examination of the hospital record is necessary to enable it to properly prepare for trial.

Plaintiff's intestate prior to her death had her own deposition taken, which included some testimony as to her physical condition. It is true that under ordinary circumstances section 352 of the Civil Practice Act makes privileged the information sought by the defendant. It is well established, however, that this privilege may be waived. Clearly, plaintiff's intestate opened the door by having her own deposition taken as to her physical condition and has, therefore, waived the privilege.

The purpose of the intestate's deposition was to perpetuate her testimony for trial and there is no contention that this deposition will not be used at the trial. Apparently, a satisfactory physical examination during the intestate's lifetime was impossible by reason of her then condition. Since her own testimony as to her physical condition will be used on the trial, there is no reason why the records of her physical condition during the time spent in the hospital shortly before her death should not be made available to the defendant.

This case comes within the ruling of *Hethier* v. *Johns* (233 N. Y. 370), where it was held that the plaintiff's own testimony waived the privilege by which otherwise medical testimony might have been excluded. Again, in *Steinberg* v. *New York Life Ins. Co.* (263 id. 45), it was held that privilege was waived in regard to the physical condition of the deceased several years before death by testimony on behalf of the plaintiff as to physical condition in regard to the immediate cause of death.

The motion is granted, without costs.