MAY DONLEYCOTT, Respondent, and FRED DONLEYCOTT, JR., and Another, Plaintiffs, v. YONKERS RAILROAD COMPANY, Appellant.— Order of the City Court of Yonkers granting the motion made by the plaintiff-respondent to set aside the verdict of the jury rendered in favor of the defendant and for a new trial reversed on the law and the facts, with costs, motion denied, without costs, verdict reinstated and judgment directed to be entered thereon. In this action, involving a collision between an automobile in which plaintiff-respondent was riding as a passenger and one of the defendant's street cars, we are of opinion that the setting aside of the verdict in favor of the defendant and against the plaintiff-respondent on the ground that the verdict was against the weight of the evidence and inconsistent with the verdict in favor of the coplaintiff, Fred Donleycott, Jr., evidently meaning Fred Donleycott, Sr., the owner of the car involved in the collision, as stated in the order under review, was an erroneous exercise of discretion in the absence of any stated reason, except as recited in the order itself. The collision was trivial, and respondent's proof of injuries was of such a character that the jury was fully justified in rejecting it and finding that respondent received no injuries as the result of the accident, even though the testimony adduced by her was uncontradicted. The verdict was not inconsistent with a finding that the car had been damaged to the extent of twenty-five dollars and awarding the plaintiff owner a verdict for that amount. Hagarty, Davis, Johnston, Adel and Close, JJ., concur.

EDITH MANEE EDDY, as Limited Administratrix, etc., of GEORGE MANEE, Deceased, Respondent, v. ALFRED KOCHMAN and BEATRICE KOCHMAN, Appellants, and DAVID GREENFIELD, Defendant.— In an action to recover damages for the death of plaintiff's intestate resulting from a collision between two automobiles, claimed to have been caused by the negligence of the appellants, [while the intestate was lawfully standing on the sidewalk], the plaintiff recovered judgment. Judgment, in so far as appealed from, unanimously affirmed, with costs. No opinion. Present — Hagarty, Carswell, Davis, Adel and Close, JJ.

HARRY K. FORTGANG, Respondent, v. JOSEPH ALPERT, Appellant.— Action by a physician to recover from defendant for services rendered to defendant and to defendant's deceased daughter. Order, made on reargument, denying defendant's motion to modify the notice of examination before trial, modified by striking out item 10 from the notice, and, as thus modified, affirmed, without costs; the examination to proceed on five days' notice. Appeal from the original order dismissed, without costs. Item 10 in the notice of examination is in general terms vague and likely to cause confusion. Items 7 and 8 are proper for the reason that defendant has waived the privilege of secrecy. (Civ. Prac. Act, § 354; Clifford v. Denver & R. G. R. R. Co., 188 N. Y. 349.) Defendant is not privileged as to matters demanded by items 2 and 3 in the notice, as it does not appear that defendant is a personal representative. Furthermore, if defendant is such representative the privilege has been waived. Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ., concur.