## AUER v. HERSHEY CREAMERY CO.
### Civ. A. No. 495.

District Court, D. New Jersey.
Nov. 9, 1939.

Samuel Morris, of Atlantic City, N. J., for plaintiff.

Paul M. Salsburg, of Atlantic City, N. J., for defendant.

AVIS, District Judge.

Plaintiff's complaint alleges that he was an employee of defendant from November 11, 1938 to August 5, 1939; that during that period his compensation was $25 per week, for which he was permitted to work not longer than 44 hours per week under and in accordance with the Act of Congress of June 25, 1938, § 7, 29 U.S.C.A. § 207; that during said period he worked 2695 hours, which calculated shows an overtime of approximately 1023 hours, and demands as damages $871.59 as compensation, and an equal additional amount as liquidated damages (less a credit of $25), together with a counsel fee and costs of action, as provided in the Fair Labor Standards Act of 1938, § 16, 29 U.S.C.A. § 216.

Defendant's answer, including defenses, has been filed, and the attorney for each party has served interrogatories on the other. None of the interrogatories has been answered. The attorney for each party has moved to strike all of the interrogatories without particular designation or objection to specific questions.

As I understand the rules relating to interrogatories (Rule 33 of Federal

Rules of Civil Procedure, 28 U.S.C.A. following section 723c), a party may be interrogated on any matter relevant to the issue, not shown by admissions in the pleading, and which could be produced in evidence at the time of trial. This theory would not, of course, include any matter of self-incrimination, hearsay or individual exemption or privilege.

I will determine the validity of each interrogatory, first considering those of defendant:

Interrogatories 1 and 2 need not be answered, in view of the admission of defendant in its answer that plaintiff was employed during the period charged in the complaint. The terms of employment are not material, if plaintiff is entitled to recover under the pleadings and the statute aforesaid.

Interrogatories 3 and 4 should be answered.

Interrogatory 5 need not be answered. The demand does not seem to be necessary, and is not set up as a defense in the defendant's answer.

Interrogatory 6 need not be answered. The cause of leaving employment is not material. No counterclaim is filed.

Interrogatories 7, 8, and 9 should be answered.

Interrogatory 10 need not be answered. It is too general and all inclusive.

Interrogatory 11 need not be answered, in view of the statute, if the defendant is liable thereunder, and if not, it is immaterial.

Interrogatory 12 should be answered.

As to interrogatories of plaintiff:

Interrogatories 1 to 12, inclusive, should be answered.

Interrogatories 13 and 14 are too general and need not be answered.

Interrogatory 15 should be answered if the question is intended to apply to ice cream cabinets belonging to defendant; otherwise not.

Interrogatory 16 is too general because it does not fix a period of time covered by sales. Defendant cannot be required to answer a question so indefinite.

Interrogatory 17 should be answered.

Orders accordingly.