## MUNZER v. SWEDISH AMERICAN LINE et al.

District Court, S. D. New York.

Sept. 13, 1940.

494

Kadel, Sheils & Weiss, of New York City (Emanuel E. Weisberg, of New York City, of counsel), for plaintiff.

Haight, Griffin, Deming & Gardner, of New York City (Edgar R. Kraetzer, of New York City, of counsel), for defendant.

LEIBELL, District Judge.

This is a motion by the plaintiff to vacate and set aside subpoenas duces tecum, and the order for their issuance, made under Rule 45 (d) (1), Federal Rules of Civil

Procedure, 28 U.S.C.A. following section 723c, and the notices, Rule 30(a), F.R.C.P., to plaintiff's attorneys that the Superintendents of Rockland State Hospital and of Stamford Hall, and all of the records of said hospitals, would be examined on discovery at a certain time and place. The records subpoenaed and the examination sought relate to plaintiff's treatment as a patient in those institutions. Plaintiff on this motion claims that "the testimony sought to be adduced and the records sought to be examined on such examination are privileged". She claims that they "are protected by statutory seal of secrecy" and that she "has at no time expressly waived the privilege".

The action is brought to recover damages for personal injuries suffered by plaintiff as the result of allegedly wrongful acts of defendant's agents while plaintiff was a passenger in February 1932 on board the M/S Kungsholm, owned and operated by defendant. In paragraph ninth of the second amended complaint it is alleged that by reason of the acts of the defendant's agents and servants plaintiff became "violently ill and suffered a mental and physical collapse and she became mentally unbalanced, * * *."

It was stated by plaintiff, in answer to interrogatories served on her by defendant under Rule 33, F.R.C.P., that she was a patient at Stamford Hall from April 14, 1932, to August 11, 1932, and at Rockland State Hospital from August 11, 1932, to May 21, 1937. She also answered that the nature of the insanity from which the plaintiff suffered was "manic depressive psychosis". It also appears from plaintiff's answer to another interrogatory that "In 1920 the plaintiff had a nervous breakdown which condition was cured in about four months. The plaintiff was treated at Westport Sanatorium, Westport, Conn."

The pertinent interrogatories and plaintiff's answers thereto are shown in a footnote.[1]

The basis of the motion made by plaintiff is that the records sought to be inspected are protected by the statutory privi-

---

[1] 7. Q. On what date do you claim to have become violently ill and state the nature of said illness and the length of time that you suffered therefrom. A. The plaintiff did not become ill on any particular or specified date or time. The development was progressive from the commencement of the assault and imprisonment and a few days before her release, the plaintiff was insane, had suffered injury to her aural organs, had lost a great deal of weight and had become emaciated. The plaintiff's insanity continued until June 1st, 1938. The injury to the plaintiff's aural organs is permanent, as the plaintiff has been informed. The plaintiff remained emaciated and underweight for a period of three or four years thereafter.

9. Q. On what date do you claim to have become mentally unbalanced and if, by said expression, you mean that you became insane, state the nature of the insanity from which you claim to have been suffering and the period of time that you claim to have suffered therefrom. A. See answer contained in "7". The nature of the insanity from which the plaintiff suffered was manic depressive psychosis.

13. Q. State the amounts that you claim to have incurred or spent for medical attendance and nursing, giving the name and address of each person to whom any such amount was paid or incurred, the dates of the services rendered by such person, and the nature of said services.

A. Dr. William I. Wallach, New Rochelle, N.Y., physician, from last part of February to April 14, 1932 and in July 1932 ..................... $ 68.00
Pelham Pharmacy, for medicines from last part of February to April 14, 1932 ....................... 12.35

Stamford Hall, Stamford, Conn. for room, food, attendance and extras from April 14, 1932 to about August 11, 1932 ........................ 608.08
Perquisites from April 14, 1932 to about August 11, 1932 to nurses and attendants ..................... 25.00
Michael C. Dooling, steward at Rockland State Hospital, charges for food, etc., from August 11, 1932 to May 21, 1937 ............... 1,968.00
Paid for additional foods sent to Rockland State Hospital and for fares and perquisites to nurses and attendants from August 11, 1932 to May 21, 1937, approximately 1,200.00

16. Q. State whether or not you ever suffered from any mental or nervous disability or disease prior to January, 1932, and if so, state with particularity the nature and extent thereof and by whom, when and where you received any treatment therefor. A. In 1920 the plaintiff had a nervous breakdown which condition was cured in about four months. The plaintiff was treated at Westport Sanatorium, Westport, Conn.

17. Q. State the date on which and the court by which you were judicially declared incompetent, and the names and addresses of the physicians by whom you were so declared incompetent. A. Plaintiff was admitted to Rockland State Hospital as an incompetent in or about August 1932, and a committee for her person and estate was appointed on or about June 23rd, 1933. Dr. Blaisdell, Superintendent of Rockland State Hospital, declared the plaintiff incompetent.

18. Q. State the date on which you were declared competent. A. June 1st, 1938.

lege contained in Section 352 of the New York Civil Practice Act. Plaintiff claims also that there has been no waiver of the privilege in the manner provided in Section 354, N.Y.C.P.A. The relevant parts of these sections are as follows:

"§ 352. Physicians and nurses not to disclose professional information. A person duly authorized to practice physic or surgery, or a professional or registered nurse, shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity; unless, where the patient is a child under the age of sixteen, the information so acquired indicates that the patient has been the victim or subject of a crime, in which case the physician or nurses may be required to testify fully in relation thereto upon any examination, trial or other proceeding in which the commission of such crime is a subject of inquiry."

"§ 354. Application of sections relating to confidential communications. The last three sections apply to any examination of a person as a witness unless the provisions thereof are expressly waived upon the trial or examination by the person confessing, the patient or the client. * * * The waivers herein provided for must be made in open court, on the trial of the action or proceeding, and a paper executed by a party prior to the trial providing for such waiver shall be insufficient as such a waiver. But the attorneys for the respective parties, prior to the trial, may stipulate for such waiver, and the same shall be sufficient therefor."

On the question of privileged communications the Federal Courts follow the law of the state of the forum. Federal Mining & Smelting Co. v. Dalo, 9 Cir., 252 F. 356; Pennsylvania Railroad Co. v. Durkee, 2 Cir., 147 F. 99, 8 Ann.Cas. 790; Thompson v. Smith, 70 App.D.C. 65, 103 F.2d 936, 123 A.L.R. 76; Aetna Life Ins. Co. v. McAdoo, 8 Cir., 106 F.2d 618; Adamos v. New York Life Ins. Co., D.C., 22 F.Supp. 162 affirmed, 3 Cir., 94 F.2d 943. However, there is a provision as to waiver of the privilege in Rule 35(b), F.R.C.P., which applies to a situation not here presented. In deciding plaintiff's motion we must consider whether or not under the statute law of the State of New York, as interpreted by its appellate courts, and on the facts here presented, plaintiff would be obliged to allow an examination be-

fore trial of the Superintendents of the hospitals and of the hospital records which defendant seeks to inspect.

Section 352 of the New York Civil Practice Act applies to hospital records made by physicians in the course of attending a patient in a professional capacity, as well as to oral communications with respect to which such physicians might be requested to testify. Lorde v. Guardian Life Insurance Co., 252 App.Div. 646, 300 N.Y.S. 721. Without having seen the hospital records here sought to be inspected I assume that they include records made by attending physicians and nurses in the course of their professional treatment of plaintiff and as such would ordinarily be covered by that privilege.

From the decided cases it would seem that the waiver required by the statute may be express or implied; express, by some formal statement on the record to that effect; implied, from some conduct or procedure, at the trial or in an examination preparatory thereto, of the party entitled to assert the privilege. Voluntary disclosure thus made seems to have been given the same legal effect as a formal waiver at the trial. The implied waiver is the legal consequence of the party's act —as where one of two attending physicians was called as a witness by the patient, thereby removing the seal of confidence from what was disclosed to the other physician present at the consultation. Morris v. New York O. & W. Ry. Co., 148 N.Y. 88, 92, 42 N.E. 410, 51 Am.St.Rep. 675, decided before the 1899 amendment. So also when a plaintiff took the deposition of her physician before trial, through interrogatories and cross interrogatories, she could not at the trial oppose the introduction in evidence by defendant of certain of the interrogatories and answers. Clifford v. Denver & R. G. R. R. Co., 188 N.Y. 349, 80 N.E. 1094. In that case Judge Vann, referring to the statutory requirement that the waiver be "at the trial" after the 1899 amendment of the statute, held that the examination of a witness under a commission may well be regarded as a part "of the trial" to satisfy that requirement. In Capron v. Douglass, 193 N.Y. 11, at page 17, 85 N.E. 827, at page 829, 20 L.R.A.;N.S., 1003, Judge Haight refers to a waiver of the privilege of the plaintiff in open court, "either by his own testimony or by that of others given with his knowledge and consent". When, in

that way, plaintiff's "physicial condition has been given to the public, the door is then thrown open for his opponent to give the facts as he understands them".

In Dollard v. Dollard, 257 App.Div. 836, 12 N.Y.S.2d 897, the Appellate Division for the Second Department in a memorandum decision held that in an action for separation, the privilege of a plaintiff with respect to physician's testimony concerning the legitimacy of her child had been waived by plaintiff herself stating in pleading and on motion papers that her child was of premature birth. The Appellate Division affirmed an order requiring the physician attending at the birth of the child to appear and testify on an examination before trial. In Fortgang v. Alpert, 256 App.Div. 949, 10 N.Y.S.2d 291, the same Court in a memorandum decision denied a motion to modify a notice of examination before trial in which the question of privileged communication had been raised by the person opposing the examination. The reporter's headnote in the New York Supplement indicates that the suit was by a physician for professional services rendered and that the privilege had been waived by the patient obtaining a bill of particulars concerning her illness and treatment.

Rule 33 of the Federal Rules of Civil Procedure provides that "any party may serve upon any adverse party written interrogatories to be answered by the party served * * *. The interrogatories shall be answered separately and fully in writing under oath". The rule restates the substance of part of former Equity Rule 58, 28 U.S.C.A. following section 723, with modifications to conform to the Federal Rules of Civil Procedure. The interrogatories and the answers thereto are no part of the pleadings. "Rule 33 merely provides a method of obtaining discovery from an adverse party which may be used in lieu of taking his deposition upon written interrogatories, so that the scope of discovery under Rule 33 may be as broad as discovery by deposition" under Rule 26. Moore's Federal Practice under the New Federal Rules, Vol. 2, page 2613. Submitting written interrogatories to a party under Rule 33 "is a less expensive method of obtaining discovery from an adverse party than the taking of his deposition upon oral examination or upon written interrogatories". Moore, p. 2610.

There appears to be no reason why disclosures made by a party in answers to interrogatories submitted under Rule 33 should be on any different footing from disclosures made by a party in a deposition taken under Rule 26, so far as waiver of privilege is concerned. Prior to the adoption of our new Federal Rules of Civil Procedure (effective September 16, 1938), a bill of discovery in equity was sometimes used in aid of an action at law, for the examination of witnesses before trial. In such a case (Sinclair Rfg. Co. v. Jenkins Co., 289 U.S. 689, 53 S.Ct. 736, 77 L.Ed. 1449, 88 A.L.R. 496, decided October Term, 1932) Justice Cardozo had occasion to refer to the effect of interrogatories under Equity Rule 58. He commented as follows (289 U.S. at page 696, 53 S.Ct. at page 738, 77 L.Ed. 1449, 88 A.L.R. 496): "To this it must be added that interrogatories today are no longer any part of the pleadings, whatever they may once have been. Equity Rule 58 (28 U.S.C.A. § 723) has taken that quality away from them. Luten v. Camp (D.C.) 221 F. 424. They are not instruments in any technical sense for the joinder of issue. They are forms of examination preliminary to trial."

Plaintiff made no objection to any of the interrogatories. Her answers to the interrogatories were voluntary. Under Rule 33 she could have presented her objections to the Court within ten days after service of the interrogatories and raised the issue of "privilege" by such objection. It has been generally recognized that "privilege" as an objection applies to interrogatories under Rule 33, just as it may be the basis of an objection to questions on the examination of a party whose deposition is being taken under Rule 26. Kingsway Press v. Farrell Publishing Corp., D.C.S.D. N.Y., 30 F.Supp. 775; Auer v. Hershey Creamery Company, D.C.N.J., 1 F.R.D. 14; Dixon v. Phifer et al, D.C.S.C., 30 F. Supp. 627; Landry v. O'Hara Vessels, D.C. Mass., 29 F.Supp. 423. The scope of interrogatories under Rule 33 is as broad as the scope of examination by deposition, as provided in Rule 26(b), which permits an examination "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Moore's Federal Practice, Vol. 2, p. 2613.

I think that here the plaintiff has waived her privilege so far as it relates to communications with physicians concerning her mental condition. As was said in Steinberg v. New York Life Insurance Co., 263 N.Y. 45, 188 N.E. 152, 90

A.L.R. 642, the purpose of the privilege is to keep secret from the public conditions which patients might not fully disclose to physicians if the opportunity existed that such physicians might be forced to testify concerning these conditions. Here it is entirely clear that plaintiff has many times over disclosed to the public through her answers to the interrogatories in this case the fact that she was at one time insane. The fact of her insanity is no longer a secret and she cannot now attempt to clothe communications regarding her prior mental conditions with the privilege granted by Section 352 of the New York Civil Practice Act. Hethier v. Johns, 233 N.Y. 370, 135 N.E. 603. Wigmore on Evidence, 3d Ed., § 2389.

It would appear also, for the reasons stated above, that the record of plaintiff's treatment in the Westport Sanatorium in 1920 may also be subpoenaed for inspection and discovery. See, Apter v. Home Life Ins. Co., 266 N.Y. 333, 336, 194 N.E. 846, 98 A.L.R. 1281, and Steinberg v. New York Life Ins. Co., supra.

Plaintiff's motion is denied. Submit order on notice.