GEORGE H. GANAWAY, RESPONDENT, *v.* SALT LAKE DRAMATIC ASSOCIATION, APPELLANT.

ASSAULT—EVIDENCE—EXCLAMATIONS OF SPECTATOR—APPEAL—EXCEPTIONS—INSTRUCTIONS.

1. In an action for assault and battery the exclamation during the affray of a disinterested onlooker, when not so instinctive as to be the events speaking through the exclamation, and when amounting to no more than a mere opinion as to whether the assault was wrongful,—the very point to be decided by the jury,—is incompetent, and its admittance in evidence, unrestricted, is prejudicial error.

2. An exception upon the ground of the insufficiency of the pleadings and the testimony to authorize an instruction upon the question of pecuniary damages is too general, under Comp.

Laws 1888, § 3393, to authorize the consideration, upon appeal, of a particular defect in the instruction not indicated by the exception.

3. An instruction that the plaintiff, a colored man, has the same rights, and is entitled to the same protection of the law, that a white person would have, *held* to be proper.

4. An instruction that "an assault is an attempt, coupled with an ability, to commit a violent injury upon the person of another," is erroneous. The attempt must be unlawful.

(No. 924.   Decided June 18, 1898.)

Appeal from district court, Salt Lake county; A. N. Cherry, *Judge.*

Action by George L. Ganaway against the Salt Lake Dramatic Association. Plaintiff had judgment, and defendant appeals. *Reversed.*

*Barlow Ferguson* and *R. W. Young,* for appellant.

*Moyle, Zane & Costigan,* for respondent.

HART, District Judge:

This action was brought to recover for an assault and battery upon the plaintiff on the 25th of March, 1895, at the Salt Lake Theater, which is managed by the defendant. The plaintiff, a colored man, at the time and place named, attended a meeting, to which the public was invited free of charge, to listen to a discussion of the "Silver Question." Arriving at the theater early, he took a seat in one of the stalls, and after remaining there for some time was informed by the usher of the defendant company that the seat or stall he occupied was reserved, and was requested to take another seat. This he declined to do, and, after being so requested on at least two different times, the

manager of the defendant company had a policeman called in, who also requested the plaintiff to move. The plaintiff still refusing, the policeman, after some efforts to move plaintiff, placed on his wrist an instrument called "nippers," consisting of a chain with a bar at each end, which are brought together, and the chain twisted so as to tighten the chain when around the wrist. When the officer began to remove the plaintiff various persons in the audience interfered, and told plaintiff not to go, to sit down, and keep his seat, which he did, the officer desisting. From a verdict for the plaintiff for the amount of $400, the defendant appeals, after a motion for a new trial being overruled.

The witness J. L. Durgan, called for the plaintiff, testified that, after something was said by the policeman about arresting the plaintiff, a great many people told him to sit down; not to give up his seat; that he had a right to it, and not to vacate; and that the officer snapped the nippers on plaintiff's arm, and tried to pull him forcibly out of the seat. The witness was then asked, on behalf of the plaintiff: "Q. What then? A. There was quite an uproar. People got up and walked around there. I guess some of the people told him he was in the wrong, and he had better stop, or something like that, and he finally did. Q. Told the policeman he was in the wrcng, and had better stop? (Defendant moves to strike out as hearsay what other people said.) Court: I think whatever occurred there is part of the res gestae. (Defendant moves to strike out that part where he says the crowd told the policeman he was in the wrong, as immaterial, irrelevant, and hearsay.) The Court: The above ruling is given. Defendant excepts." This exclamation of a disinterested onlooker amounting to no more than a mere opinion upon the very question to be decided by the jury, was incompetent, and

its admittance, unrestricted, may have well prejudiced the defendant. Such an opinion would have been inadmissible, even if given in court under oath and subject to cross-examination. See *Marks* v. *Sullivan*, 9 Utah 12. Upon this subject, Mr. Wharton, in his work on Evidence (section 260), says: "Exclamations of bystanders, if instinctive, are in like manner admissible. But, unless so instinctive as to be the events speaking through the exclamations,—if, in other words, the exclamations are as to matter of opinion,—they cannot be received." In the case of *Carr* v. *State*, 76 Ga. 592, it is decided that "what a disinterested bystander, who witnesses the conflict go ing on between the defendant and the party assailed, may say during the heat of the engagement, is not evidence, especially when the declaration amounts to nothing more than the declarant's opinion as to the defendant's motive or purpose for engaging in and prosecuting the fight. Such a declaration, from such a source, in such a case, is no part of the res gestae." So, in *Wilkins* v. *Farrell* (Tex. Civ. App.) 30 S. W. 450, it was held to be error, in a case for damages for negligence of a dentist in extracting a tooth, to admit the testimony of plaintiff to a remark of a bystander that "he would not suffer what plaintiff was suffering for all the city of Dallas." We do not understand the cases cited by respondent on this point to hold a doctrine contrary to the one involved and decided in this case.

Other exceptions by defendant to questions asked on its behalf, and ruled out, might have been admissible on the point of malice or ill will by defendant's manager towards the plaintiff, as affecting the recovery of punitive or exemplary damages, if properly restricted to that phase of the case, but we deem it unnecessary to discuss in detail these questions.

On the question of exemplary damages, the court instructed the jury, in substance, that such damages could be assessed if the conduct of the assault was brutal, wanton, or careless. The use of the word "careless" is relied on by appellant as error. In a lengthy instruction, this is the only word subject to criticism. The exception of appellant to this instruction would not suggest to the trial court the error here relied upon. In fact, the exception was on the insufficiency of the pleadings and testimony, and no objection was made to the particular form or substance of the charge. The exception was too general to authorize this court to consider the point here relied upon. *People* v. *Thiede*, 11 Utah 241, and cases there cited.

Defendant duly excepted to the instruction that the plaintiff, a colored man, "has the same rights, and is entitled to the same protection of the law, that a white person would have." There can be no contention that such is not the law, and we fail to see in what way the defendant's case could have been prejudiced by this charge.

The defendant excepted to the charge defining an "assault," as follows: "An assault is an attempt, coupled with an ability, to commit a violent injury upon the person of another." The element of the attempt being "unlawful" was omitted. Comp. Laws Utah, 1888, § 4480; 2 Am. & Eng. Enc. Law (2d Ed.) 953. The use of the term "assault" is used a number of times in the instructions, and in some instances is qualified by the use of the word "unjustifiable," but, after an examination of the instructions as a whole, it is not clear that the defendant may not have been prejudiced by this inaccurate definition.

The appellant seeks to raise in this court the question whether it had the right to remove the plaintiff by force from an unreserved seat, but we find that this point is not properly involved upon this appeal. The defendant, the

appellant here, set up in its answer that the seat plaintiff occupied, and was attempted to be removed from, was a reserved seat. Evidence was also offered by defendant in support of this theory. The court instructed the jury that if the seat was reserved, and plaintiff was informed of the fact, defendant had the right to forcibly remove him from the seat. This instruction was not excepted to. Defendant, however, excepted to the refusal of the court to give an instruction requested, in substance, that if the plaintiff occupied a seat which he believed at the time was unreserved, and he was requested by defendant's agent to occupy another seat, and that the plaintiff refused to do so, sufficient force could be used to remove him. This request did not involve the point that plaintiff could be removed from an unreserved seat, but it directed attention solely to the plaintiff's belief upon the matter of its being unreserved or not. As the defendant failed, either by its request or exceptions, to raise the question of the right to remove plaintiff from an unreserved seat, we refrain from expressing an opinion thereon. The decision of the trial court is reversed, and said court instructed to set aside the said verdict, and order that a new trial be granted, and that plaintiff pay the costs of this appeal.

BARTCH and MINER, J. J., concur.