Points Decided.

(No. 4811.  July 30, 1927.)

EMMER E. SCHWARZ, Respondent, v. BERTHA C.
TAEGER, EMMA A. PATERKA, ROBERT F.
SCHWARZ, JULIUS SCHWARZ, CHRISTIAN F.
SCHWARZ, Heirs of OTTO HENRY SCHWARZ, De-
ceased, Appellants.

[258 Pac. 1082.]

WILLS—PLEADING—AMENDMENTS—DISCRETION OF TRIAL COURT—NO
ABUSE FOR REFUSAL TO ALLOW AMENDMENT FILED TOO LATE—
WITNESSES — IMPEACHING TESTIMONY HELD NOT ERRONEOUS —
TESTAMENTARY CAPACITY—PREJUDICIAL TESTIMONY—LETTERS, PROP-
ERLY IDENTIFIED, ADMISSIBLE—PROPONENTS OF WILL—COSTS.

1. Allowance of amendments is largely within discretion of
trial court.

2. Where amendment to petition asking for probate of will
was not offered for two years and two months after petition
contesting will and issue was not raised in probate court, trial
court *held* not to have abused discretion in not allowing amend-
ment.

3. Where witness in will contest was asked on cross-examina-
tion, relative to having testified to certain facts in probate court
as to matters germane to issues, admitting impeaching testimony
relative thereto *held* not erroneous in that testimony was pecu-
liarly a question for jury.

4. A man may possess testamentary capacity, although unable
to transact ordinary business.

· 5. A man who is able to transact ordinary business is clearly
competent to make will.

6. In will contest, evidence to effect that deceased was not
able to transact ordinary business *held* prejudicial where there
was no instruction to effect that one might possess testamentary
capacity, even though unable to transact business.

7. In action contesting validity of will, letters in handwriting
of deceased, properly identified, should have been admitted as
showing his condition of mind.

8. Proponents in will contest, by objecting to income tax
statements made by deceased, did not waive error in excluding,
over their objection, letters in testator's handwriting, not of
similar probative effect on issues in case.

44 Idaho—40

9. Under C. S., sec. 7764, making rules of practice in sections 6591–7239 applicable to probate practice, and section 6847, directing that plaintiff shall open and defendant close, and sec. 7452, subd. 5, making will contestant plaintiff and petitioner defendant, proponents of will did not have right of opening and closing.

10. Costs in action contesting validity of will cannot be awarded until final determination of case, and each party will be required to pay own costs, subject to recovery, depending on final outcome.

APPEAL from the District Court of the Second Judicial District, for Latah County. Hon. Edgar C. Steele, Judge.

Action testing validity of will. Judgment for respondent. *Reversed and remanded for new trial.*

James H. Forney and O. C. Moore, for Appellants.

Respondent, by the filing of her petition for the probate of the instrument here in question as the last will and testament of Otto Henry Schwarz, thereby expressed her election to treat said will as valid and to accept the terms thereof and the benefits conferred by its terms upon her, thereby precluding and estopping herself from subsequently contesting its validity. (Alexander on Wills, pp. 2038, 2040, secs. 1327, 1328; 40 Cyc., pp. 1245, 1978; *Camplin v. Jackson,* 34 Colo. 447, 83 Pac. 1017; *In re Moore's Estate,* 62 Cal. App. 265, 216 Pac. 981; *Cook v. Lawson,* 63 Kan. 854, 66 Pac. 1028; *Dunn v. Vineyard* (Tex. Civ. App.), 251 S. W. 1043.)

Publisher's Note.

1. See 21 R. C. L. 127.

4. Tests of testamentary capacity, see notes in 27 L. R. A., N. S., 2; L. R. A. 1915A, 450. See, also, 28 R. C. L. 88.

9. See 28 R. C. L. 405.

See Pleading, 31 Cyc., p. 368, n. 9.

Wills, 40 Cyc., p. 1006, n. 11, p. 1007, n. 14, p. 1025, n. 48, p. 1026, n. 53, p. 1031, n. 93, p. 1271, n. 47, p. 1329, n. 18, p. 1359, n. 77, p. 1362, n. 99 New.

Witnesses, 40 Cyc., p. 2739, n. 12.

A higher degree of mental competency is required for the execution of a deed or contract than is necessary for the execution of a valid will. Hence, the court erred in permitting witnesses to testify that in their opinion Otto Henry Schwarz, subsequently to his paralysis, was mentally incapable of transacting ordinary business. (Alexander on Wills, p. 444, sec. 322; *Watson's Exr. v. Watson*, 137 Ky. 25, 121 S. W. 626; *In re Holloway's Estate*, 195 Cal. 711, 235 Pac. 1012; *Turner v. Houpt*, 53 N. J. Eq. 526, 33 Atl. 28; *Green v. Maxwell*, 251 Ill. 335, 96 N. E. 227, 36 L. R. A., N. S., 418; *Jones v. Belshe*, 238 Mo. 524, 141 S. W. 1130; *Coleman v. Marshall*, 263 Ill. 330, 104 N. E. 1042; *Successors of Jones*, 120 La. 986, 45 So. 965.)

The exclusion of the letters offered in evidence in rebuttal by appellant, conceded, some of them, to have been written by the testator, and the others to have been signed by him, was error, since, as written declarations subsequently to his illness and very close to the time of the execution of the will, they afforded the best possible evidence of his mental condition. (*In re Burnham's Will*, 24 Colo. App. 131, 134 Pac. 254; *Baker v. Baker*, 202 Ill. 595, 67 N. E. 410; *Bulger v. Ross*, 98 Ala. 267, 12 So. 803; 40 Cyc., p. 1024.)

The burden was on appellant in the first instance to establish competency on the part of Schwarz to execute a will and in the absence of any proof the will would have been rejected without more. Hence, the right to make the opening and closing arguments to the jury rested with appellant. (40 Cyc., p. 1328; *Seebrock v. Fedawa*, 30 Neb. 424, 46 N. W. 650; *Rawley Appeal*, 118 Me. 109, 106 Atl. 120; *Mayes v. Mayes* (Mo.), 235 S. W. 100; *In re Burnham's Will, supra*.)

The court was without authority to award costs against appellant Christian F. Schwarz, since he was not a contestant of the validity of the will but a proponent thereof for probate, as one of the executors named therein. He was entitled, on the other hand, to recover all costs and disbursements incurred in the proceeding. (C. S., secs. 7467,

7769, 7771; 40 Cyc. 1632; *In re Brady,* 10 Ida. 366, 79 Pac. 75; *Meeker v. Meeker,* 74 Iowa, 352, 7 Am. St. 489, 37 N. W. 773.)

A. H. Oversmith, for Respondent.

Witness Moore gave his opinion as to the testamentary capacity of testator, and there was no error committed by way of impeachment if he gave previous testament to the effect that the testator was mentally paralyzed. The word "paralysis" has a definite meaning, meaning a loss of function, partial or complete, whether of intellect, sensation, movement or otherwise. (Webster's Universal Dictionary; *In re Scott's Estate,* 128 Cal. 57, 60 Pac. 527.)

A witness acquainted with the facts may give an opinion on the mental capacity of a person to transact ordinary business, make a deed, contract or will. (*Koppe v. Koppe,* 57 Tex. Civ. App. 204, 122 S. W. 68; *Campbell v. Dick* (Okl.), 172 Pac. 783; *Atkins v. State,* 119 Tenn. 458, 105 S. W. 353, 13 L. R. A., N. S., 1031; *Witthoft v. Gathe,* 38 Ida. 175, 221 Pac. 124.)

By introducing similar evidence as to the capacity of testator to transact ordinary business or dispose of property by will appellant waived any error of trial court in permitting answers to similar questions on the part of respondent. (*Adams v. Ristine,* 138 Va. 273, 31 A. L. R. 1413, 122 Pac. 126.)

Letters in the handwriting of a testator are inadmissible upon an issue of testamentary capacity without evidence that testator had acted upon the contents of letters or approved of them. (*Crumbaugh v. Owen,* 238 Ill. 497, 87 N. E. 314; *In re Pinney's Will,* 27 Minn. 280, 6 N. W. 791, 7 N. W. 726.)

On the trial of will contests, the contestant becomes the plaintiff and the petitioner becomes the defendant. Therefore contestant had the right of opening and closing argument before the jury. (C. S., sec. 7452; Kerr's Cal. Code Civ. Proc., sec. 1312; *Estate of Joseph,* 118 Cal. 660, 50 Pac.

768; *Estate of Scott,* 128 Cal. 57, 60 Pac. 527; *Estate of Dalrymple,* 67 Cal. 444, 7 Pac. 906.)

GIVENS, J.—The sole question involved in this appeal is whether Otto Henry Schwarz possessed testamentary capacity; his widow, respondent herein, urging that he did not; his brother, Christian F. Schwarz, and other appellants urging that he did. A jury found that he did not.

September 27, 1923, the respondent filed a petition asking that the purported will filed therewith be probated. November 13, 1923, respondent filed her objections to the will on the ground that the deceased did not possess testamentary capacity. September 6, 1924, appellant, Christian F. Schwarz, filed his petition asking that the will be probated. May 20, 1925, respondent filed her answer to appellant's petition and January 21, 1926, appellant sought to file an amendment to his petition charging estoppel against respondent because her petition of September 27, 1923, estopped her from filing her petition November 13, 1923.

[1, 2] The amendment was offered two years and two months after respondent filed her petition contesting the will. The allowance of amendments is largely within the discretion of the trial court and in view of this lapse of time and the further fact that such issue had not been raised in the probate court there was no abuse in not allowing the amendment.

Frank L. Moore drew the will and was one of the attesting witnesses, and testified for appellant to the effect that in his opinion the testator was competent to make a will. He was asked on cross-examination if he had not testified at the hearing in the probate court as follows:

"He (Schwarz) made comments upon his physical condition and told me he never expected to get well, and he didn't know when he would have another stroke; he was suffering then from physical paralysis, and maybe mentally, and he didn't know when he would have another stroke or words in substance and to that effect."

To which question Mr. Moore responded:

"The question and the answer were probably, with the exception of 'maybe mentally,' I have no remembrance of making any such statement. If I did make it, it was an error inadvertent and wrong."

[3] Later, over objection, certain witnesses were called by respondent who testified that Mr. Moore had testified in the probate court as above suggested. The question asked, which was based upon the testimony as reported to have been given in the probate court, is slightly ambiguous, as to whether Mr. Moore was reciting what the deceased had said to him or giving Mr. Moore's opinion of the deceased's condition. Whether Mr. Moore had so testified advisedly or inadvertently and whether there was a contradiction between this testimony and the testimony before the district court was peculiarly a question for the jury and was germane to the issues and there was therefore no error in admitting the so-called impeaching testimony.

[4] Numerous witnesses on behalf of the contestant testified that in their opinion the deceased was not at the time of and prior to the making of the will able to transact ordinary business. Appellant, having properly objected thereto, assigns as error the questions and answers as to the testator's ability to transact ordinary business. It is well settled that a man may possess testamentary capacity although unable to transact business. Respondent urges that appellants sought from appellants' witnesses the converse and they therefore cannot complain of this error. This is a false assumption, however, because the converse is permissible. [5] In other words, if a man is able to transact business, under the authorities, he is clearly competent to make a will but he may be competent to make a will and still not be able to transact business.

"Ability to transact important business, or even ordinary business, is not the legal standard of testamentary capacity, though it seems to be quite generally but mistakenly supposed, outside the ranks of the legal profession, that a capacity to transact important business is the criterion of fitness to make a valid will. Says the Iowa Supreme Court:

" 'While, as every lawyer knows, a man may be capable of making a good will after he is so far gone into imbecility and mental darkness as to be no longer capable of making a valid deed or of transacting business generally, the very opposite conclusion seems to pervade the lay mind, and the making of a will is, to its apprehension, the one item of business which requires the presence of all one's faculties in their normal strength.' *Perkins v. Perkins,* 116 Iowa, 253, 90 N. W. 55.

"A person who has mental power to understand and to transact the ordinary business affairs of life doubtless has capacity to make a valid will. But the converse is not necessarily true. Mental perception and power to think and reason of a lesser degree than that which is required in the understanding and transaction of ordinary business may be all that is requisite to the full understanding of everything involved in the execution of a will." (*In re Sexton's Estate,* 199 Cal. 759, 251 Pac. 778; *In re Holloway's Estate,* 195 Cal. 711, 235 Pac. 1012; *Turner v. Houpt,* 53 N. J. Eq. 526, 33 Atl. 28; *People v. Baskin,* 254 Ill. 509, 98 N. E. 957; Alexander on Wills, sec. 332; *Coleman v. Marshall,* 263 Ill. 330, 104 N. E. 1042, at 1046; *Greene v. Maxwell,* 251 Ill. 335, 96 N. E. 227, 36 L. R. A., N. S., 418; *Jones v. Belshe,* 238 Mo. 524, 141 S. W. 1130; *Succession of Jones,* 120 La. 986, 45 So. 965; *Hayes v. Candee,* 75 Conn. 131, 52 Atl. 828.) [6] Testamentary capacity was correctly defined, but there was no instruction to the effect that one might possess testamentary capacity even though unable to transact business. This evidence produced by respondent having been admitted over appellant's objection might well have influenced the jury to believe that if a person was not able to transact ordinary business he would not possess testamentary capacity and appellants were therefore prejudicially affected. It is permissible for a lay or nonexpert witness to testify as to the sanity or competency of a person to make a will. (*Weber v. Della Mountain Min. Co.,* 14 Ida. 404, 94 Pac. 441.)

[7] Certain letters offered as written by deceased, some in his own handwriting and some on the typewriter, were, on respondent's objection, excluded. The letters in the handwriting of the deceased were properly identified and should have been admitted as showing his condition of mind. (*In re Burnham's Will*, 24 Colo. App. 131, 134 Pac. 254; *Baker v. Baker*, 202 Ill. 595, 67 N. E. 410; *Bulger v. Ross*, 98 Ala. 267, 12 So. 803; *Wigginton v. Rule*, 275 Mo. 412, 205 S. W. 168; 40 Cyc. 1024.) Those in typewriting were not sufficiently identified as having been written by deceased to justify us in saying that the trial court abused his discretion in refusing their admission.

[8] Respondent offered certain income tax statements purported to have been made by deceased, which were, upon appellants' objection, not admitted and respondent urged that this action in relation to the exclusion of the letters constituted, as to appellants, invited error, contending that these statements were on a parity with the letters which were excluded, upon the theory that these income statements showed that the deceased, at the time of making his will, did not fully understand and know what property he owned and particularly what community property he owned. These income statements are not all in the record. From the two which are it is apparent they gave only income and not capital. Without passing upon the admission of these income statements, suffice it to say they were not sufficiently similar, in their probative effect upon the issues in the case, to the letters, to support the conclusion that by offering the letters appellants deprived themselves of the right to object to these income tax statements.

[9] Appellants, proponents of the will, contend that they should have had the opening and closing. Our statutes provide otherwise. Subd. 5 of C. S., sec. 7452, makes the contestant plaintiff and the petitioner defendant. By C. S., sec. 7764, the rules of practice contained in title 55 are applicable to probate practice and C. S., sec. 6874, in title 55 directs that the plaintiff shall open and the defendant close.

[10] The court ordered costs against all of appellants to which appellants objected. By reason of the conclusion reached in *Schwarz v. Taeger, post,* p. 633, 258 Pac. 1085 (on costs), costs cannot be awarded until the case is finally determined. Each party to pay their own costs subject to recovery depending upon the final outcome of the case.

Because of the errors above mentioned the judgment is ordered reversed and the cause remanded, with instructions to grant a new trial. Costs awarded as above stated.

Wm. E. Lee, C. J., and Budge and T. Bailey Lee, JJ., concur.

Taylor, J., concurs in the conclusion reached.

Petition for rehearing denied.