(No. 4812.    July 30, 1927.)

EMMER E. SCHWARZ, Respondent, v. BERTHA C. TAEGER, EMMA A. PATERKA, ROBERT F. SCHWARZ, JULIA C. SCHWARZ, CHRISTIAN F. SCHWARZ, Heirs of OTTO HENRY SCHWARZ, Deceased, Appellants.

[258 Pac. 1085.]

WILLS—APPOINTMENT OF ATTORNEY FOR MINOR LEGATEES, DEVISEES, HEIRS OR CREDITORS—PROPONENTS NOT INCLUDED WITHOUT APPOINTMENT—NO AWARD OF COSTS UNTIL END OF LITIGATION.

1.  C. S., sec. 7769, providing for appointment of attorney by court for minor legatees, devisees, heirs or creditors, does not include proponents of will wherein no such appointment was made.

2.  Under C. S., sec. 7771, providing that probate court or district or supreme court on appeal may order costs to be paid in its discretion, the discretionary power given court cannot be exer-

cised until final determination of litigation, and lower court had no power to award costs, in action contesting validity of will, until litigation had come to definite end.

APPEAL from the District Court of the Second Judicial District, for Latah County. Hon. Edgar C. Steele, Judge.

Appeal from action of trial court in awarding costs. Motion of appellant Christian F. Schwarz denied. *Affirmed.*

James H. Forney and O. C. Moore, for Appellants.

The will contest having resulted in rejection of the petition for probate, the proponent of the will, appellant here, was entitled to recover costs and attorney's fees necessarily incurred in that contest. (C. S., secs. 7769 and 7771; *Fraser v. Davis,* 29 Ida. 70, 156 Pac. 913, 158 Pac. 233; *In re Brady,* 10 Ida. 366, 79 Pac. 75; *Meeker v. Meeker,* 74 Iowa, 352, 37 N. E. 773.)

A. H. Oversmith, for Respondent.

The district court was without jurisdiction to allow costs or attorney's fees. The probate court has exclusive jurisdiction. (Const., art. 5, sec. 21; *In re Rety's Estate,* 75 Cal. 256, 17 Pac. 65; *In re Olmstead's Estate,* 120 Cal. 447, 52 Pac. 804; *In re Lux's Estate,* 134 Cal. 3, 66 .Pac. 30; *McLean v. Freeman,* 70 N. Y. 81.)

A purported will may be offered for probate by a devisee, legatee, creditor or other person interested in the estate. (C. S., sec. 7441; Kerr's Code Civ. Proc. 1299; *Dodd v. Anderson,* 197 N. Y. 466, 90 N. E. 1137, 27 L. R. A., N. S., 336.)

On appeal from the probate court appellant is required to give security for costs. (C. S., sec. 7176.)

Publisher's Note.
  See Infants, 31 C. J., sec. 315, p. 1149, n. 94.
  Wills, 40 Cyc., p. 1362, n. 99 New.

Appellant is not entitled to reimbursement for costs and attorney's fees until the final determination of the contest, under statutes identical with the Idaho statutes relating to costs in will contests. (*Dillon's Estate*, 149 Cal. 683, 87 Pac. 379; *Estate of Yoell*, 160 Cal. 741, 117 Pac. 1047; *Estate of Jones*, 166 Cal. 147, 778, 135 Pac. 293.)

C. S., secs. 7769 and 7771, cited by appellants in their brief, do not authorize the court to allow attorney's fees out of estate. (*Lux's Estate, supra; Olmstead's Estate, supra; Friedman's Estate*, 176 Cal. 226, 168 Pac. 21; *Scott's Estate*, 1 Cal. App. 740, 83 Pac. 85.)

The allowance of fees and expenses in will contests is discretionary with the court, and unless the court "exceeded all bounds of reason, and acted arbitrarily and without warrant in law," there should be no reversal. (C. S., sec. 7467; *Turner v. First National Bank*, 42 Ida. 597, 248 Pac. 14.)

GIVENS, J.—Appellant Christian F. Schwarz' motion for an allowance of costs, disbursements and attorney's fees incurred as proponent for probate of the will of Otto Henry Schwarz, deceased, which will was contested by respondent, was denied and appellant brings this appeal.

[1] Appellant first relies on C. S., secs. 7769 and 7771. C. S., sec. 7769, provides for the appointment of an attorney by the court for minor legatees, devisees, heirs or creditors, and therefore would not include appellant because no such appointment was made, and consequently appellants do not come within such provisions of the statute.

C. S., sec. 7771, provides as follows:

"When it is not otherwise prescribed in this title, the probate court, or the district or supreme court on appeal, may, in its discretion, order costs to be paid by any party to the proceedings, or out of the assets of the estate, as justice may require. Execution for the costs may issue out of the probate court."

This section is identical with California Code of Civil Procedure, sec. 1720, which has been construed as applying

to a contest before probate, the situation herein. (*Estate of Jones*, 166 Cal. 147, 778, 135 Pac. 293), and the discretionary power given the court cannot be exercised until the final determination of the litigation. (*Estate of Berthol*, 163 Cal. 343, 125 Pac. 750; *Henry v. Superior Court*, 93 Cal. 569, 29 Pac. 230; *Estate of Yoell*, 160 Cal. 741, 117 Pac. 1047; *Estate of Jones, supra; In re Johnson's Estate*, 198 Cal. 469, 245 Pac. 1089.)

[2] *Schwarz v. Taeger, ante*, p. 625, 258 Pac. 1082, under which appellant is claiming and which is now before the court, was reversed and remanded for a new trial and thus has not been finally determined, and the lower court has no discretionary power to award costs until the litigation has come to a definite end, and the trial court did not err in denying appellant's motion.

The judgment is affirmed. Costs of this appeal awarded to respondent.

Wm. E. Lee, C. J., and Budge and T. Bailey Lee, JJ., concur.

Taylor, J., concurs in the conclusion reached.