(No. 6997.   April 22, 1942)

MYRTLE H. CHAMBERLIN, as guardian of the estate of ORISSA M. GEORGE, Respondent, v. HILMER M. GEORGE, THOMAS C. GEORGE and CARL J. GEORGE, Appellants.

(125 Pac. (2d) 307)

C. A. Bandel, for Appellants.

Ralph L. Albaugh, John L. Bloem, and Arthur W. Holden, for Respondents.

MORGAN, J.—This action was commenced by Orissa M. George, against the above named appellants, to procure a decree of the district court adjudging null and void and of no effect a deed of gift, signed, acknowledged and delivered by her, purporting to convey to appellants Lots Nine and Ten of the Oregon Short Line Addition to the City of Idaho Falls, Idaho; also adjudging null and void and of no effect a contract, signed and acknowledged by the parties to the deed. The action is based on the theory that, at the time the deed and contract were signed, Mrs. George was mentally incompetent and incapable of trans-

acting any business and that, by reason thereof, she was unable to understand, and did not understand, the nature or effect of the deed or the contract. The complaint charges that appellants, and, particularly, Hilmer M. George, well knowing the mental and physical condition of Mrs. George, and well knowing she was not competent to transact business, or to comprehend the nature and effect of the instruments, and with the intention of cheating and defrauding her, procured her to sign and deliver to them the deed and contract.

Appellants demurred generally and specially to the complaint and moved to strike portions of it. The demurrer and motion to strike were overruled and the ruling is assigned as error. Space will not permit copying the complaint, or stating its allegations in substance. However, a careful examination of it convinces us the demurrer and motion to strike were properly overruler.

Trial, without a jury, resulted in findings of fact and conclusions of law and in a judgment and decree in favor of plaintiff, from which defendants have appealed. After the appeal was perfected, the attorneys for the parties signed, and caused to be filed in this court, a stipulation wherein is stated:

"That a guardian of the Estate of Orissa M. George was duly and regularly appointed by the Probate Court of Bonneville County, Idaho, on the 8th day of October, 1941, and that Myrtle H. Chamberlin is now the duly appointed, qualified and acting guardian of the estate of said respondent, Orissa M. George, and that said Mrytle H. Chamberlin, as guardian of the estate of Orissa M. George, may be substituted herein as plaintiff and respondent in lieu of the said Orissa M. George."

Whereupon an order was made "that this action be, and the same hereby is revived and continued in the name of Myrtle H. Chamberlin, guardian of the Estate of said Orissa M. George, as plaintiff-respondent in the place and stead of said Orissa M. George." Therefore, the title of this case has been amended to conform to the stipulation and order.

A number of nonexpert witnesses were called by plaintiff and testified to the length of time they

had known her, the nature of their acquaintance with her and their opportunities to observe her conduct. They related incidents, occurring from a time shortly after the death of plaintiff's husband down to about the time the deed and contract were signed, which would tend to justify an inference that, at the time of signing, she was incompetent, because of the enfeebled condition of her mind, to understand the nature and effect of said documents. These witnesses were permitted to testify, over timely objection, to his, or her, opinion of plaintiff's mental ability, at and about the time the documents were signed, "to transact business," "to comprehend the nature and effect of legal instruments," "to sign legal documents," etc. Counsel for appellants has assigned, as erroneous, the admission of this opinion testimony in evidence.

The testimony was admissible. In *Weber v. Della Mountain Min. Co.*, 14 Ida. 404, 413, 94 Pac. 441, 444, it is said:

"On the trial of the case the main question of fact which arose was as to the mental competency of Watt at the time of making and entering into these agreements or contracts. The plaintiff introduced a number of witnesses who testified as to Watt's mental condition at the time these transactions were had and at various times prior and subsequent thereto. On the part of defendants, the defendant Rockwell, L. L. Sullivan and F. B. Cross were called, and it was shown in substance by each of them that they had known Watt continuously for a number of years, and that they were acquainted with him during the times mentioned by the witnesses of the plaintiff, and that they were present at the time of these transactions and were familiar with his demeanor and conduct. They were thereupon asked if, judging from his acts and conduct, and all that they observed in other respects, they believed Watt to be mentally competent, sound and sane at the time of these several transactions. The court refused to allow any of these witnesses to answer the questions. These rulings are assigned as error. It is too well settled law to require consideration or discussion here that the competency or incompetency, sanity or insanity of a person at the time of a given transaction may be proven

by laymen or nonexpert witnesses with equal certainty and often greater satisfaction than by experts, and the fact that a witness who has been acquainted with the person and has seen him frequently and has been familiar with all his transactions, and has had business dealings with him, is himself not an expert on the subject of insanity, and is not versed in the medical science or has had no training or education along those lines, is no reason whatever for excluding his evidence on a question of common, everyday observation. ( *Kelly v. Perrault,* 5 Ida. 221, 48 Pac. 45; *Heirs of Clark v. Ellis,* 9 Or. 128; *In re Christensen's Estate,* 17 Utah, 42, 70 Am. St. Rep. 794, 53 Pac. 1003, 41 L. R. A. 504; *People v. Wreden,* 59 Cal. 394; *Armstrong v. State,* 30 Fla. 200, 11 South, 618, 17 L. R. A. 484.) A nonexpert may be as able as an expert to make clear mental comparisons between the acts and conduct of a man who was at a given time sane, sound and perfectly competent, and his acts at a time when he was laboring under mental disabilities.

"It was error for the court to refuse to allow these witnesses to answer the questions and testify and give their opinions as to the sanity or insanity of Watt and of his mental condition at the times in question."

In *Fritcher v. Kelley,* 34 Ida. 471, 477, 201 Pac. 1037, 1039, this appears:

"Appellants complain that the court permitted various nonexpert witnesses to state their opinions as to whether deceased was mentally competent or incompetent, without first requiring them to detail the facts and circumstances upon which their opinions were based. Even in jurisdictions in which the rule contended for by appellants is upheld, the question whether the opinion of a nonexpert witness is based upon sufficient observation is addressed to the sound discretion of the trial court, and its ruling will not be disturbed unless that discretion has been abused. (See note in 38 L. R. A. 721, 733, C.) Each of the witnesses testified to the facts and circumstances within his observation upon which his opinion was based, and in each case we think that these facts and circumstances were sufficient to justify the court in exercising its discretion, and admitting the opinion testimony. Con-

ceding, though not deciding, that the rule is as contended for by appellants, we find no error."

In *Schwarz v. Taeger,* 44 Ida. 625, 631, 258 Pac. 1082, 1084, we said:

"It is permissible for a lay or nonexpert witness to testify as to the sanity or competency of a person to make a will."

In *Herring v. Davis,* 47 Ida. 211, 214, 273 Pac. 757, it is said:

"Complaint is also made that the court permitted nonexpert witnesses to testify for the respondent that the grantor was mentally competent without detailing facts on which this conclusion was based. The witnesses did detail some facts and this court has laid down the rule that nonexperts may testify as to the mental condition of a person. (*Weber v. Della Mt. Mining Co.,* 14 Ida. 404, 94 Pac. 441; *Fritcher v. Kelley,* 34 Ida. 471, 201 Pac. 1037; see, also, *Ritchey v. Jones,* 210 Ala. 204, 97 So. 736; *State v. Soper,* 148 Mo. 217, 49 S. W. 1007; 3 Jones on Evidence, 2d ed., pp. 2337, 2338.)"

The findings of fact, which are fully sustained by the evidence, contain the following:

"2.—That the plaintiff, Orissa M. George, is the widow of the late Joe George, deceased, and that the said Joe George died on the 4th day of February, 1940;

"3.—That the defendants, Hilmer M. George, Thomas C. George and Carl J. George are nephews of plaintiff's deceased husband, Joe George;

"4.—That since the death of her said husband, Joe George, as aforesaid, plaintiff has been in ill health and subject to pains in the head and frequent nervous headaches, and is hysterical at the least provocation;

"5.—That on or about the 15th day of December, 1940 and a short time prior thereto plaintiff was afflicated with sinus trouble and an abscess formed in her head, and suffered a severe attack of influenza;

"6.—That since the death of plaintiff's said husband, Joe George, the said defendants, and particularly the defendant, Hilmer M. George appeared to take an unusual interest in the welfare and business affairs of plaintiff and to show great affection for her and on several

occasions invited plaintiff to be his guest at his home in Rigby, Idaho, and on several occasions since May, 1941, plaintiff has been at the home of the said Hilmer M. George in Rigby, Idaho, as his guest; that plaintiff entertained a high regard for said defendant's business judgment, honesty and integrity toward her;

"7.—That between the middle of November, 1940 and the 15th day of December, 1940, the said defendant Hilmer M. George made several trips to Idaho Falls to visit this plaintiff; that on such visits the said Hilmer M. George advised the plaintiff that, owing to her physical and mental infirmities, and owing to the fact that the plaintiff was expending money uselessly which he could have easily saved for her, to give to the said Hilmer M. George a power of attorney or other instrument authorizing and directing him to transact all of the business of the plaintiff and thereby save plaintiff large sums of money and protect her property;

"8.—That the said Hilmer M. George is, and has been engaged in the moving-picture business at Rigby, Idaho for many years last past and is a shrewd business man of plausible manners and address, and has been on intimate terms of friendship with the plaintiff since the death of said husband, as aforesaid;

"9.—That at all the times herein mentioned plaintiff was, and is possessed of the following described real property, to-wit:

"All of Lots Nine (9) and Ten (10) of the Oregon Short Line Addition to the City of Idaho Falls, Idaho, according to the recorded plat thereof, upon which said lots there is located a moving picture theater, known as and called the 'Rio Theater';

"That said property is the sole and separate property of plaintiff and was the community property of plaintiff and her said deceased husband, Joe George, prior to his death, as aforesaid; that said property rents for the sum of $300.00 per month and is of the reasonable value of $50,000.00 and subject to encumbrances of $21,515.91 as of December 15, 1940; that said property is the only property owned by plaintiff, with the exception of a small checking account in a local bank;

"10.—That on or about the 14th day of December, 1940, the said defendant, Hilmer M. George, called at plaintiffs apartment in Idaho Falls, Idaho and invited plaintiff and her sister, Etta M. Ritter, to have Sunday dinner with the said Hilmer M. George at his home in Rigby, Idaho, on Sunday, December 15, 1940; that on Sunday morning at about ten A. M. the said defendant, Hilmer M. George called at plaintiff's apartment in Idaho Falls, Idaho, with his automobile and took plaintiff and her said sister, Etta M. Ritter, to the law office of C. A. Bandel in Rigby, Idaho; that on the 15th day of December, 1940 in the law office of C. A. Bandel in Rigby, Idaho, the said defendant, Hilmer M. George, procured the said plaintiff Orissa M. George, to Execute and deliver to said Hilmer M. George a purported deed of conveyance, designated 'Deed of Gift,' of said lands and premises hereinbefore described, thereby vesting the apparent legal title to said premises in the said defendants Hilmer M. George, Thomas C. George and Carl J. George, who caused the same to be recorded in the office of the County Recorder of the County of Bonneville, State of Idaho, on the 16th day of December, 1940, at 2:30 P. M. in Book 44 of Deeds at page 223; that on the said 15th day of December, 1940, in the said law office of C. A. Bandel in Rigby, Idaho, the said defendant Hilmer M. George procured the said Orissa M. George to enter into a purported written agreement wherein plaintiff was designated party of the first part and the above-named defendants were designated as parties of the second part, and wherein and whereby the said defendants agreed, in consideration of the said pretended transfer and conveyance by said purported deed of gift, to pay to the said plaintiff the sum of $150.00 per month on the 15th day of each and every month, beginning with the 15th day of January, 1941, for, and during the natural life of the plaintiff; provided, however, that said total sum of said payments should not exceed the sum of $18,000.00, and provided further, that upon the decease of the plaintiff the payment of $150.00 per month shall immediately terminate, and all obligations of the said defendants, under the terms of said contract, shall imme-

diately cease and said contract, upon the death of the plaintiff, shall immediately become null and void.

"11.—That on the said 15th day of December, 1940, in the law office of the said C. A. Bandel in Rigby, Idaho, the said defendant, Hilmer M. George, procured the said Orissa M. George, to execute and deliver to him a purported Last Will and Testament under the terms of which said purported last Will and Testament, the said Hilmer M. George, the executor therein named, should pay to plaintiff's sister, Etta M. Ritter, if she should survive the plaintiff, out of plaintiff's said estate, each and every month after plaintiff's death, for and during the term of her natural life such sum, or sums of money, as will provide the said Etta M. Ritter comfortably with the necessities of life, the amount thereof to be left to the discretion of the said executor; and under the terms and provisions of said purported Last Will and Testament, it was further provided that upon the decease of the said Etta M. Ritter, the reasonable expenses for her decent burial should be appropriated from and paid out of plaintiff's said estate; all the rest and residue of plaintiff's remaining estate at the death of said sister be given, devised and bequeathed to the said defendants herein, share and share alike for their benefit, use and enjoyment forever.

"12.—That on, before and after the date the said purported Deed of Gift, the said purported Agreement and the said purported Last Will and Testament were executed, to-wit, on the 15th day of December, 1940, as aforesaid, the plaintiff was suffering from sinus trouble, abscess in the head, melancholy moods, hysteria, and was afflicted with the influenza, and was feeble and sick in mind and body; that her mind was greatly impaired and she was wholly unfit and entirely incompetent to transact any business of any kind and was then and there incapable to comprehend and understand, and in fact did not comprehend or understand, the character nature or effect of said transactions, or either of them; that this plaintiff had a lapse of memory on several occasions during said time; that said plaintiff was, during all of said time, greatly enfeebled in mind and body and was of the age of

sixty-four years at the time said purported instruments were executed, as aforesaid, and was likewise mentally and physically entirely incompetent to transact any business.

"13.—That the mind of said plaintiff, from the effects of such sickness and the loss of her said husband, as aforesaid, added to the infirmities of age and mental and physical debility, became so impaired as to render her wholly incapable of transacting any business on and near the date of the execution of said purported instruments and that the said plaintiff remained sick in mind and body and incapable of managing her own affairs for several weeks thereafter.

"14.—That the mental and physical condition of the plaintiff was well known to the said defendants, and each of them, and particularly to the said Hilmer M. George, during all of said time.

"15.—That the said plaintiff received no consideration of any kind or character for executing said purported Deed of Gift, Agreement and Last Will and Testament, or either of them excepting only defendants' promises contained in said contract, and no consideration of any kind or character ever passed from the said defendants or either of them, for the signing and execution of the same, but that the said plaintiff executed and delivered said instruments without receiving any consideration therefor, excepting only defendants' promises as aforesaid; that the said defendants, and each of them, and particularly the said defendant, Hilmer M. George, well knowing the mental and physical condition of this plaintiff, and well knowing that she was not competent or capable of transacting any business whatever, or of comprehending the nature and effect of signing said instruments and with the intention of cheating, defrauding and swindling the plaintiff out of her said real property, and the whole thereof, and taking advantage of their close and intimate relation with this plaintiff, procured her to execute and deliver said Deed of Gift, Agreement, and Last Will and Testament as aforesaid, and immediately placed the said purported Deed of Gift on record, as aforesaid."

The evidence as to the ability of Mrs.

George to understand the nature and effect of the deed and contract she signed is conflicting, but the rule in Idaho is as stated in *State v. Snoderly,* 61 Ida. 314, 318, 101 Pac. (2d) 9, 10, as follows:

"This court has uniformly held the findings and judgment of a trial court made upon conflicting evidence will not be disturbed, where (as in the case at bar) there is substantial evidence to support them."

The judgment appealed from is affirmed. Costs are awarded to respondent.

Givens, C.J., and Budge and Ailshie, JJ., concur.

Holden, J., deeming himself to be disqualified, did not sit with the court at the hearing nor participate in the decision.