# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44026

| | | |
|---|---|---|
| ADA COUNTY PROSECUTING ATTORNEY, | ) | 2016 Opinion No. 72 |
| | ) | |
| | ) | Filed: November 9, 2016 |
| Plaintiff-Appellant, | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| v. | ) | |
| | ) | |
| WILLIAM SCOTT DEMINT, | ) | |
| | ) | |
| Party Aggrieved-Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| 1998 FORD F15, VIN | ) | |
| 1FTRX18L9WKB27754; TWELVE | ) | |
| THOUSAND SEVEN HUNDRED | ) | |
| NINETY-FOUR DOLLARS ($12,794.00) | ) | |
| UNITED STATES CURRENCY; NINE | ) | |
| THOUSAND FOUR HUNDRED | ) | |
| FIFTEEN AND 64/100 DOLLARS | ) | |
| ($9,415.64) UNITED STATES | ) | |
| CURRENCY; APPROXIMATELY | ) | |
| FOUR HUNDRED FORTY-ONE AND | ) | |
| FORTY-SEVEN HUNDREDTHS (441.47) | ) | |
| GRAMS METHAMPHETAMINE; | ) | |
| APPROXIMATELY TWELVE AND | ) | |
| SEVENTY-NINE-HUNDREDTHS (12.79) | ) | |
| GRAMS MARIJUANA; TEN (10) 16-MG | ) | |
| PILLS HYDROMORPHINE; ONE (1) | ) | |
| TAURUS MILLENNIUM 9-MM | ) | |
| HANDGUN, MODEL PT111, SERIAL | ) | |
| NO. TSC27053, WITH ONE (1) | ) | |
| MAGAZINE OF TEN (10) ROUNDS | ) | |
| 9-MM AMMUNITION; TWO (2) | ) | |
| FOLDING KNIVES; ONE (1) | ) | |
| VIPERTEK TASER; ONE (1) DIGITAL | ) | |
| SCALE WITH RESIDUE AND BLACK | ) | |
| CASE; FOUR (4) DIGITAL SCALES IN | ) | |
| BOXES; ONE (1) GREEN METAL | ) | |
| CONTAINER; ONE (1) ORANGE MESH | ) | |

**BAG; ONE (1) RED MESH BAG; ONE** )
**(1) BLACK MESH BAG; ONE (1) BLUE** )
**CHASE BANK BAG; VARIOUS** )
**PLASTIC ZIPLOC BAGS; TWO (2)** )
**GLASS PIPES WITH BURNT RESIDUE;** )
**ONE (1) SMALL METAL SMOKING** )
**PIPE WITH BURNT RESIDUE; TEN** )
**(10) GLASS BONGS; AND** )
**THIRTY-ONE (31) GLASS PIPES,** )
)
      **Defendants.** )
)

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. D. Duff McKee, District Judge.

Judgment in civil forfeiture action, <u>vacated</u> <u>and</u> <u>remanded</u>.

Jan M. Bennetts, Ada County Prosecuting Attorney; Catherine A. Freeman, Deputy Prosecuting Attorney, Boise, for appellant.

Mauk, Miller & Hawkins, LLC; Joseph C. Miller, Boise, for respondent.

_____

MELANSON, Chief Judge

The Ada County Prosecuting Attorney appeals from judgment in a civil forfeiture action in favor of William Scott DeMint.  For the reasons set forth below, we vacate the judgment and remand.

DeMint was stopped for speeding and failure to signal on August 20, 2014.  A subsequent search of DeMint's vehicle revealed controlled substances, paraphernalia, and money.  Following DeMint's arrest, Ada County filed an *in rem* complaint alleging DeMint's vehicle and all items found therein were subject to forfeiture pursuant to I.C. § 37-2744(d)(1).  Additionally, Ada County alleged that $9,415.64 in DeMint's bank account was subject to forfeiture because it was used or intended for use in connection with the illegal manufacturing, distribution, dispensing, or possession of the controlled substances found in DeMint's vehicle.  Ada County obtained a warrant to seize $9,415.64 from DeMint's bank account and obtained the funds in the form of a cashier's check.  At trial, the district court determined that the bank funds

2

were not subject to forfeiture and granted a motion for directed verdict in favor of DeMint. Ada County appeals.

We note at the outset that, because this was a court trial rather than a trial by jury, the proper motion was one for involuntary dismissal. *Durrant v. Quality First Marketing, Inc.*, 127 Idaho 558, 559, 903 P.2d 147, 148 (Ct. App. 1995). We therefore treat the district court's ruling as a grant of a motion for involuntary dismissal. Review of the district court's decision is limited to ascertaining whether the evidence supports the findings of fact and whether the findings of fact support the conclusions of law. *Conley v. Whittlesey*, 133 Idaho 265, 269, 985 P.2d 1127, 1131 (1999). The grant of a motion for involuntary dismissal is subject to the substantial evidence test. *Hibbler v. Fisher*, 109 Idaho 1007, 1010, 712 P.2d 708, 711 (Ct. App. 1985).

The substantial evidence test requires that the evidence be of sufficient quantity and probative value that reasonable minds could conclude that a verdict against the nonmoving party is proper. *General Auto Parts Co., Inc. v. Genuine Parts Co.*, 132 Idaho 849, 855, 979 P.2d 1207, 1213 (1999). The findings and judgment of a trial court made upon conflicting evidence will not be disturbed where there is substantial evidence to support them. *Chamberlin v. George*, 63 Idaho 658, 669, 125 P.2d 307, 311 (1942). This Court defers to findings of fact based upon substantial evidence, but we review freely the conclusions of law reached by stating legal rules or principles and applying them to the facts found. *Staggie v. Idaho Falls Consol. Hosps., Inc.*, 110 Idaho 349, 351, 715 P.2d 1019, 1021 (Ct. App. 1986).

Idaho Code Section 37-2744 subjects to forfeiture all property which has been used or intended for use in connection with the illegal manufacture, distribution, dispensing, or possession of controlled substances. Forfeiture proceedings are civil actions against the property subject to forfeiture and the standard of proof is preponderance of the evidence. I.C. § 37-2744(d). A preponderance of the evidence means that the evidence shows something to be more probably true than not. *In re Beyer*, 155 Idaho 40, 45, 304 P.3d 1206, 1211 (Ct. App. 2013).

In this case, the district court concluded that Ada County did not meet its burden of proving that the funds in DeMint's bank account were more likely than not used or intended for

3

use in connection with drug trafficking.[1]  Ada County introduced evidence that DeMint was a drug trafficker and that, while he was in jail, he asked two people to divert money from his bank account.  In one telephone call, DeMint told a person to withdraw the money in DeMint's account, give half to someone named Linda, and put the other half on DeMint's books.  In a second call, DeMint instructed another person to withdraw the money and transfer it to someone of her choosing.  In both calls, DeMint expressed concern that the money might be seized; although, in one of the calls, DeMint stated that he "could prove the income."  Additionally, Ada County established that DeMint made three large deposits in the months leading up to his arrest and that he was unemployed on the day he was arrested.

Ada County also established that a number of large cash withdrawals from the account occurred throughout the month before his arrest and that the withdrawals were approximately equal to the value of the methamphetamine DeMint possessed upon his arrest.  Finally, Ada County established that, on the date of DeMint's arrest, there was a purchase from the account at a restaurant in Ogden, Utah, in the amount of $43.27 and that a detective had knowledge that DeMint was meeting with his drug dealer in Ogden on that date.  Ada County argued that DeMint's desire to move the funds from his account indicated they were used in connection with drug trafficking.  Ada County asserted that the large deposits were connected to drug trafficking because DeMint was unemployed when he was arrested.  Finally, Ada County argued that the restaurant purchase from DeMint's account in Ogden on the same day he was meeting with his supplier indicated that the bank funds were used in connection with drug trafficking.

On appeal, Ada County contends that the district court's application of the preponderance of the evidence standard was flawed.  Specifically, Ada County argues that, while the district court stated it was applying the preponderance of the evidence standard, it actually applied a more stringent standard.  Indeed, the district court reasoned that there were "too many holes" in

---

[1]      In a court trial, if the district court enters judgment on the merits against the plaintiff, the court must make findings as provided in I.R.C.P. 52.  I.R.C.P. 41(b)(2).  The district court is required to find the facts specifically and state its conclusions of law separately.  I.R.C.P. 52(a)(1).  In this case, the district court did not make specific findings as required; however, neither party raised this matter on appeal.  Accordingly, we will infer the district court's findings of fact based on its stated reasons for granting DeMint's motion for involuntary dismissal.

4

Ada County's argument. For example, the district court largely relied on Ada County's failure to eliminate other possible sources of the large deposits. The district court also indicated that Ada County's failure to trace the funds was fatal to its argument. However, Ada County was not required to disprove all explanations that could potentially contradict its argument. Ada County was only required to establish that it was more likely than not that the bank funds were used or intended for use in connection with drug trafficking. We agree that the district court's application of the preponderance of the evidence standard was flawed. This evidence was sufficient to prove that the bank funds were more likely than not used or intended for use in connection with drug trafficking. Accordingly, the district court erred in granting involuntary dismissal of Ada County's claim.

The judgment of civil forfeiture is vacated and the case is remanded to the district court for further proceedings. Costs, but not attorney fees, are awarded to Ada County on appeal pursuant to I.A.R. 40.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.