IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 45949

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: August 30, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) |
| MOHAMAD BAKIR ALI HABEB, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

Judgment of restitution, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Mohamad Bakir Ali Habeb appeals from the district court's judgment ordering him to pay $5,860.45 in restitution following a jury verdict finding him guilty of felony malicious injury to property. Habeb argues that there was insufficient evidence to support the restitution order and that the district court improperly shifted the burden to him to disprove the evidence the State presented in support of its restitution request. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury found Habeb guilty of felony malicious injury to property. The State alleged that Habeb committed the charged offense when he hit the victim's vehicle, a 2011 Hyundai Elantra, with a baseball bat. Following Habeb's conviction, the State sought restitution in the amount of

1

$6,060.45. Following an evidentiary hearing, the district court ordered restitution in the amount of $5,860.45. Habeb appeals.[1]

## II.

## STANDARD OF REVIEW

We will not overturn an order of restitution unless an abuse of discretion is shown. *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion, (2) acted within the boundaries of such discretion, (3) acted consistently with any legal standards applicable to the specific choices before it, and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

The determination of the amount of restitution, which includes the issue of causation, is a question of fact for the trial court. *State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401 (2011); *State v. Hamilton*, 129 Idaho 938, 943, 935 P.2d 201, 206 (Ct. App. 1997). The district court's factual findings with regard to restitution will not be disturbed on appeal if supported by substantial evidence. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *State v. Lombard*, 149 Idaho 819, 822, 242 P.3d 189, 192 (Ct. App. 2010).

## III.

## ANALYSIS

Habeb argues that the district court abused its discretion in awarding restitution in the amount of $5,860.45 because there was insufficient evidence to support the award and because the district court improperly shifted the burden to him to disprove the evidence the State submitted in support of its request. The State responds that there is substantial evidence to support the restitution award and that Habeb's burden-shifting argument is not preserved and otherwise lacks merit. We hold that Habeb has failed to meet his burden of showing the district court abused its discretion in awarding restitution.

Idaho Code Section 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. A court acts within the boundaries of its

---

[1]     Habeb was also found guilty of misdemeanor assault and reckless driving. However, the restitution in this case is only related to the guilty verdict for felony malicious injury to property.

discretion in awarding restitution if the award is supported by the preponderance of the evidence submitted by the prosecutor, defendant, victim, or presentence investigator. *State v. Stewart*, 161 Idaho 235, 236, 384 P.3d 999, 1000 (Ct. App. 2016). A preponderance of the evidence means that the evidence shows something to be more probably true than not. *Ada Cty. Prosecuting Attorney v. DeMint*, 161 Idaho 342, 344, 385 P.3d 897, 899 (Ct. App. 2016).

At the restitution hearing, the State admitted three exhibits without objection: (1) a *Kelley Blue Book* valuation for a 2011 Hyundai Elantra indicating a value between $6,535 and $8,032; (2) a repair estimate from a body and paint shop in the amount of $5,860.45; and (3) an estimate for repair of the vehicle's fuel system in the amount of $200. The State also presented testimony from the individual who was driving the vehicle at the time the damage was inflicted, and the district court considered the trial testimony of an individual who witnessed Habeb hitting the vehicle with a baseball bat. Habeb also testified at the restitution hearing.

Following the restitution hearing, the district court took the State's request under advisement and subsequently issued a written decision. In its decision, the district court denied the $200 request for repairing the fuel system, concluding there was insufficient evidence connecting the repair to the damage caused by Habeb. The district court granted the remainder of the State's request for $5,860.45 to repair the vehicle. In its decision, the district court noted that the vehicle was purchased by the driver's father and that the driver testified that his father "rebuilt" the vehicle after he purchased it because the vehicle had been in an accident. Based on this testimony, the district court assumed the vehicle had a "salvage title" and concluded: "It can safely be said that the value of a vehicle or vessel with a salvage title is less than that for a vehicle or vessel with a 'clean' title, all else being equal" because "it is a crime to sell a salvage motor vehicle without telling the buyer the vehicle has been totaled." The district court, however, noted that it did not know how much the value decreased because no evidence of "the value of the vehicle with a salvage title was introduced." According to the district court, the value of the vehicle was important because the cost of repair is "very close to the lower end of the value" according to the *Kelley Blue Book* and the victim is only entitled to the cost of repair if it does not exceed the value of the vehicle. Ultimately, the district court inferred the Hyundai was a "salvage vehicle" and, because Habeb did not introduce any evidence of the "actual effect

of that fact on the value of a car, let alone *this* car," the district court awarded the cost of repair because that cost was less than the "lowest estimate" of the vehicle's value.

Habeb relies on I.R.E. 301, *State v. Hughes*, 130 Idaho 698, 946 P.2d 1338 (Ct. App. 1997), and *Bongiovi v. Jamison*, 110 Idaho 734, 718 P.2d 1172 (1986) in support of his argument that the district court improperly shifted the burden to him to prove that the value of the car was less than the repair cost. Specifically, Habeb contends that, "without evidence of the actual value of the car, a repair estimate can only prove the actual loss based on the presumption that the amount to repair is lower than the actual value of the car," but he "burst" that presumption when he elicited testimony that a vehicle with a salvage title has a lower market value than a vehicle with a clean title. According to Habeb, this presumption-bursting evidence required the State to produce evidence of actual market value in order to prove that the repair value was less than the actual market value.

Habeb's reliance on I.R.E. 301 is misplaced. Idaho Rule of Evidence 301 provides, in part:

> (a) Effect. In a civil case, unless a statute, Idaho appellate decision, or these rules provide otherwise, the party against whom a presumption is directed has the burden of producing evidence to rebut the presumption. But this rule does not shift the burden of persuasion, which remains on the party who had it originally. The burden of producing evidence is satisfied by evidence sufficient to permit reasonable minds to conclude that the presumed fact does not exist. If the party against whom the presumption operates does not meet the burden of producing evidence, the presumed fact must be deemed proved. If that party meets the burden of producing evidence, the jury must not be instructed on the presumption and the trier of fact may determine the existence or nonexistence of the presumed fact without regard to the presumption.

The State correctly notes that Habeb's reliance on I.R.E. 301 is raised for the first time on appeal. Habeb responds that this Court should decline to consider the State's preservation argument because it is bare and conclusory and, in any event, the authority upon which Habeb relies merely reflects an "evolved" argument that does not change the substantive issue before this Court on appeal. *See Ada Cty. Highway Dist. v. Brooke View, Inc.*, 162 Idaho 138, 395 P.3d 357 (2017). Even if Habeb's appellate argument is properly characterized as one that has evolved from the arguments he made in district court, Habeb has cited no authority that supports application of the presumption principles in I.R.E. 301 to a restitution proceeding.

4

Habeb contends that *Bongiovi* provides "a useful hypothetical which illustrates how the burdens shift" under I.R.E. 301 in this case. *Bongiovi* involved litigation to set aside a deed allegedly procured by undue influence. *Bongiovi*, 110 Idaho 734, 718 P.2d 1172. The I.R.E. 301 presumption at issue was based on case law articulating when a presumption of undue influence is appropriate, and the hypothetical from the comments to I.R.E. 301, on which Habeb relies, relates to burdens of production in the context of a motion for a directed verdict. *Bongiovi*, 110 Idaho at 736-37, 718 P.2d at 1174-75. There are no directed verdicts in restitution hearings and, although Habeb also relies on *Hughes*, that case does not support his contention that there is a presumption regarding value relevant to restitution proceedings.

*Hughes* is not a restitution case. The issue in *Hughes* was whether the State met its burden of proving the defendant was guilty of felony malicious injury to property. *Hughes*, 130 Idaho at 700, 946 P.2d at 1340. A majority of this Court concluded that the State did not meet its burden because there was insufficient evidence to establish that the value of the property damage exceeded $1,000, which was the threshold amount necessary to elevate the offense from a misdemeanor to a felony. *Id.* at 704, 946 P.2d at 1344. It was in this context that the Court considered the proper measure of value of damages within the meaning of I.C. § 18-7001, the statute criminalizing malicious injury to property. In addressing this question, the Court, after considering cases from other jurisdictions, concluded that, in cases where the defendant has harmed but not destroyed the property, the State may prove value by using the diminution of the object's fair market value or the reasonable cost of repair. *Hughes*, 130 Idaho at 703, 946 P.2d at 1343. When the cost of repair is chosen, this measure may not exceed the market value of the item before the damage because a defendant cannot cause an economic loss that surpasses the actual value of the property damaged. *Id.* The defendant may challenge the cost of repair measure by presenting evidence of a lesser fair market value. *Id.*

Assuming the method of valuation articulated in *Hughes* in the context of distinguishing between misdemeanor and felony malicious injury to property applies to restitution requests arising from such a charge, *Hughes* does not articulate any presumptions, much less a presumption under I.R.E. 301. Habeb's assertion that the rationale of *Hughes* "gave rise to a presumption" that the actual economic loss in this case equaled the cost of repair is, therefore, incorrect. Habeb is also incorrect in his assertion that he "burst" the presumption by eliciting

5

testimony that the vehicle "had a salvage title." Although the district court inferred the car had a "salvage title" based on the driver's testimony that his father "rebuilt" the car after buying it, there was no evidence presented that the vehicle, in fact, had a "salvage title."[2] The State was not obligated to present additional evidence simply because Habeb elicited testimony that he believed implied that the vehicle may have been less valuable than the cost of repair. If anything, *Hughes* required Habeb to present evidence that the fair market value of the vehicle was less than the cost of repair if he believed restitution should be limited because the repair cost exceeded the value of the vehicle. *See Hughes*, 130 Idaho at 703, 946 P.2d at 1343 (stating that the defendant may challenge the cost of repair by presenting evidence of a lesser fair market value). As noted by the district court, Habeb failed to present evidence that the actual fair market value of the vehicle was less than the repair cost.

From a sufficiency of the evidence perspective, which is how Habeb has framed his claim on appeal, there was sufficient evidence to support the district court's conclusion that the cost of repair was an appropriate measure of restitution and the repair cost awarded was supported by the estimate submitted without objection. Habeb has, therefore, failed to show the district court abused its discretion in awarding $5,860.45 in restitution.

## IV.

## CONCLUSION

We hold that substantial evidence supported the district court's decision to award $5,860.45 in restitution. The district court's judgment of restitution is affirmed.

Chief Judge GRATTON and Judge BRAILSFORD, **CONCUR**.

---

[2] The driver elaborated on the repairs made to the vehicle after it was purchased. Those repairs included changing the front bumper, the radiator, and the pier support on the right headlight. The hood was also changed because the driver wanted a "nice one" not an "old one." It is not apparent from the evidence presented that the vehicle was declared salvage or had been damaged to the extent that the owner, or an insurer, or other person acting on behalf of the owner determined that the cost of parts and labor minus the salvage value made it uneconomical to repair or rebuild the vehicle. *See* I.C. § 49-123(2)(o) (defining salvage vehicle).

6